# SCHOOL DIST. No. 7 IN WESTON COUNTY v. SCHOOL DISTRICT No. 1 IN WESTON COUNTY*
## (No. 1183; June 2, 1925;.236 Pac. 1029)

Judgment—Coram Nobis—School Districts—Opening of Judgment.

1. Writ of error coram nobis does not lie for error of law, but only for error of fact, not appearing on face of record, which was unknown to court, and, if known in season, would have prevented rendition of judgment challenged.

2. Writ of error coram nobis will not lie, where party complaining knew, or by exercising reasonable diligence might have known, fact complained of at time of or before trial, or was otherwise negligent.

3. Trial court having full knowledge, from pleadings and ·agreed statement of facts, that special tax was levied in 1918 for benefit of school district, suing district from which formed for school funds, and that such tax became available to plaintiff soon after December 31, 1918, writ of error coram nobis *held* not to lie on behalf of defendant because of new evidence that such taxes were paid to plaintiff on January 4, 1919.

4. That treasurer of school district, sued by district formed therefrom for share of school funds, had no authority to refuse to honor bills incurred by plaintiff *held* not ground for writ of error coram nobis, where defendant contended at all times that it should not pay such bills, thereby confirming and ratifying treasurer's action.

5. That school district formed from another district made no demand on latter for amount of bills incurred, *held* not ground for writ of error coram nobis to judgment for amount sued for by former, as it must have been apparent to trial court that such demand which was not alleged, would have been useless, in view of defendant district's denial of liability.

6. Fact, not apparent on face of record or known to court, that trustee of school district, suing district from which formed for expenses incurred, agreed that defendant should not be responsible for bills after certain date, *held* not ground for writ of error coram nobis to judgment for plaintiff; such agreement being without consideration, so that court, if aware thereof, could not have been legally influenced thereby.

7. Agreed facts *held* to show that school district, sued by district formed therefrom for school funds with which to pay expenses, had only enough money in treasury to pay its own expenses until August 1, 1918, and hence it was not entitled to writ of error coram nobis to judgment for amount sued for on ground that court was not fully advised as to amount it had on hand in 1918.

8. Bill in equity to open judgment cannot be maintained because of facts known to court when judgment was rendered or wholly immaterial.

*SEE Headnotes (1) 34 C. J pp. 393, 394, 397; (2) 34 C. J. p. 394; (3) 34 C. J. p. 394; (4) 34 C. J. p. 397; (5) 34 C. J. p. 397; (6) 34 C. J. p. 394; (7) 34 C. J. p. 394; (8) 34 C. J. p. 479.

APPEAL from District Court, Weston County; HARRY P. ILSLEY, Judge.

Action by school district No. 7 in the County of Weston against school district No. 1 in Weston County from which the plainitff district was formed, for an apportionment of school monies. Judgment was for plaintiff. From an order dismissing defendant's petition for writ of error coram nobis, defendant appeals.

*E. C. Raymond and T. W. LaFleiche* for appellant.

While the action was for writ of error coram nobis, the equitable rights of the parties should be determined regardless of name given the petition; 5708 C. S. Judgment may be opened for fraud, mistake or where all of the facts are not presented.; writs of error coram nobis are a recognized remedy in proper cases; Alexander v. State, 20 Wyo. 240; Cross v. Gould, 110 S. W. 672 and cases cited; Gibson v. Pollock, 166 S. W. 874; Sieward v. Farmen, 18 Atl. 968; Johnson v. State, 133 S. W. 598; Hodges v. State, 163 S. W. 506; the writ lies to correct error of facts and may be issued at any time after judgment; Latchsaw v. McNees, 15 Mo. 831; courts will relieve against an abuse of discretion; Utah Bank v. Trumble, 39 Pac. 1033; also from negligence or conduct of attorneys; Krause v. Company, 139 N. Y. S. 306; Heiliger v. Ritter, 138 N. Y. S. 212; Gideon v. Dyer, 40 N. Y. S. 1055; Sharp v. Mayer, 31 Barb. 578; Fisk

v. Hicks, 137 N. W. 424; Bank v. Brandon, 126 N. W. 102; doubts should be solved in favor of the application; Gray v. Donahue, 41 Pac. 41; Barrie v. Co., 109 N. W. 248; the facts here are similar to those in Rogers v. U. S. 149 N. W. 671; a case where an attorney from ignorance or bad faith stipulated for judgment against his client; see also Wells v. Penfield, 72 N. W. 816 and Pye v. Robinson, 203 S. W. 96; also Reilley v. Kinkead, 165 N. W. 80; Fisher v. Fisher, 90 S. W. 413; in the present case the records show that counsel employed by defendant in the first instance joined in a stipulation which did not set up the facts. The trial court relied on that stipulation as is shown by the evidence. Justice will not permit the enforcement of an unconscionable judgment; Black on Judgments 356; plaintiff cannot be prejudiced by a correct presentation of facts; 40 N. Y. S. 1045.

*Diefenderfer & Wakeman* and *Wakeman & Dolezal* for respondent.

Among the various proceedings attempted by defendant against the judgment herein are: 1. an appeal; 2. motion for a new trial; 3. petition for new trial after expiration of term; none of which having succeeded, resort was then had to the obsolete remedy of a petition for writ of error coram nobis to which plaintiff demurred, which was overruled and followed by judgment against defendant; writs of error have been abolished. 6392 C. S. Section 6397 saves only such writs as are not abolished expressly or by implication. Writs of error coram nobis lie to correct errors of fact, 46 Am. Dec. 259; 3 Ann. Cas. 329; Alexander v. State, 20 Wyo. 231; but not adjudicated facts, 5 Enc. Pl. and Pr. 34. Appellant now seeks to shift his position on appeal and turn a law action into an equity suit; this cannot be done, 2 R. C. L. 79. The application is not within the grounds specified by 5953 C. S. and must fail; McGinnis v. Beatty, 204 Pac. 340; moreover a party waives his right to apply for vacation of judgment by appealing from it, 23 Cyc. 898-910;

application to vacate a judgment cannot be sustained on any ground that might have been urged in the defense, 23 Cyc. 927; newly discovered evidence urged as ground for new trial must be with a showing of diligence; Demple vs. Carroll, 21 Wyo. 447; this proceeding has none of the essentials of a case in equity, and if it had, it would be shut out by the rule in 23 Cyc, 977-1033; Cross v. Gould, supra; the neglect of an attorney is the neglect of the client; Gideon v. Dyer, supra.

*E. C. Raymond* and *T. W. LaFleiche* in reply.

Respondents are in this court seeking to maintain an admittedly unjust judgment against a multitude of tax payers upon the sole theory that through a construction of the rules of procedure, the appellant is out of court; if the facts pleaded in the petition had been proven upon the trial, plaintiff could not have obtained the judgment complained of; in this case we are merely seeking an opportunity to present the facts; to show that respondent is in possession of a judgment for more than $10,000.00 when it is entitled to one of less than $90.00, if entitled to judgment at all. The trial court granted a new trial thus indicating its belief in the justness and equity of appellant's contentions. Counsel for respondent contend that facts once stipulated by attorneys are unchangeable; this was denied in Wells v. Penfield supra; also Rogers v. Ins. Co. (Minn.) 149 N. W. 671. In Gideon v. Pollock, 166 S. W. 874, a judgment was vacated five years after its rendition.

Blume, Justice.

On October 20, 1919, School District No. 7 in the county of Weston, plaintiff, commenced an action against School District No. 1 in the same county, defendant, to recover the sum of $10,924.13. The parties will be referred to herein as in the court below.

The petition in the original case alleges that plaintiff district was formed from and out of defendant district on February 21, 1918; that plaintiff did not receive its proper ap-

portionment of school moneys or taxes until February 8, 1919; that after its organization it paid moneys from time to time for teachers and other necessary legal school expenses; that it drew a small portion of school funds from the treasury of defendant school district for the purpose of paying said expenses; that about May 10, 1918, defendant school district, through its treasurer, refused to pay any more of said expenses, and that there is due from the defendant the sum above mentioned. A demurrer was filed to the petition, which was overruled. Thereupon defendant answered, admitting the creation of plaintiff district as alleged in the petition, and setting forth that at the annual meeting held in the year 1918 in plaintiff district, the electors of said district voted and appropriated for the use of said plaintiff district funds for the year beginning May 1, 1918; that the amount thereof was duly certified to the county clerk, as required by law, and that the county commissioners of said county made a special tax levy against the taxable property in said district to pay said amount; that said tax was afterwards collected and paid to the treasurer of said School District No. 7 in the sum of $10,343.59. The reply filed to said answer admits the collection and receipt of said taxes.

A stipulation of facts was entered into by the parties through their respective attorneys, which is substantially to the following effect: That prior to February 21, 1918, District No. 7 aforesaid was a part of District No. 1; that on that date it was separated from District No. 1 and was constituted a separate school district; that defendant school district honored the warrants drawn upon its treasury for payment of school expenses until May 10, 1918, on which date Catherine Coffey, treasurer of said District No. 1, by the authority of defendant district, notified the clerk of the plaintiff district that defendant district would no longer pay any further expenses of said District No. 7; that the tax levy for the benefit of said District No. 7, was made as heretofore mentioned in the pleadings and that the county treasurer of said county paid to said District No. 7 the

amount of said taxes in the sum of $10,343.59; that plaintiff district did not receive any apportionment of school moneys whatever from any source until February 8, 1919; that on July 1, 1918, certain warrants totalling $87.67 were presented by Mr. Sheldon, one of the members of the board of trustees of plaintiff district, to the trustees of defendant district; that defendant district refused to pay said bills; that plaintiff district borrowed money with which to pay and with which it did pay its expenses until February 8, 1919; that defendant district had each year run out of funds during the school year and had been compelled to pay its expenses by loans and advancements procured from the banks of Weston county, Wyoming; that defendant district had funds in its treasury until August 1, 1918, after which date it paid its indebtedness by registered warrants, subsequently redeemed; that out of the money sued for $10,836.06 were disbursed by plaintiff district from May 1, 1918 to February 1, 1919.

The court rendered judgment in said action on February 11, 1921. It recites that, according to the stipulation, the defendant school district honored the warrants drawn upon its treasury, for the payment of teachers and other necessary legal school expenses of plaintiff until May 10, 1918, on which date Catherine Coffey, the treasurer of the defendant school district, notified the plaintiff school district that the defendant refused to pay any further expenses of plaintiff; that plaintiff school district incurred indebtedness for the payment of teachers and other necessary expenses after May 1, 1918, in the sum of $10,836.06. The judgment proceeds as follows:

"The court finds that the method for the paying of the expenses of a new school district, formed entirely from an old school district, has been provided for by the Legislature of the State of Wyoming and is contained in section 2233 W. C. S. 1920, which provides as follows: "Whenever the district boundary board shall have formed or established a

new district from districts already legally organized, the
school board of such newly organized district may draw the
public school funds for paying teachers or other necessary
legal school expenses from the school treasury of the dis-
trict from which it was separated until such a time as the
newly organized district shall receive its proper apportion-
ment of school moneys and taxes. In like manner, any dis-
trict which is established from two or more districts may
draw the proper school funds for payment of teachers or
other necessary legal school expenses from the treasury of
the districts to which the said new school district formerly
belonged." The court therefore finds that the Legislature
has provided that a new school district, which in this case
is the plaintiff, may draw the public school funds for pay-
ing its teachers and other necessary school expenses from
the school treasury of the defendant, or the old district, and
therefore the court finds generally for the plaintiff and
against the defendant."

Judgment accordingly was entered in favor of the plain-
tiff and against the defendant for the sum of $10,836.06.

An appeal from said judgment was commenced on the
25th day of February, 1921, but was subsequently aband-
oned. On June 22, 1921, after the expiration of the term
at which said judgment was entered, defendant school dis-
trict filed a motion in said cause for a new trial, alleging as
a ground therefor newly discovered evidence. This new
evidence was alleged to be in substance as follows: That
Catherine Coffey, treasurer of, School District No. 1, was
at no time authorized to notify the plaintiff district that de-
fendant would no longer pay plaintiff's expenses after May
10, 1918; that Mr. Sheldon, one of the trustees of School
District No. 7, met with the trustees of School District No.
1 and agreed that in view of the fact that a tax had been
levied by said School District No. 7 at its May meeting, 1918,
said District No. 1 should not thereafter pay the expenses
of said plaintiff. On June 25, 1921, the court sustained the

motion so filed, and granted a new trial. That order having
been granted, pursuant to motion and notice of the motion,
instead of pursuant to a petition and summons as required
by statute, was subsequently, upon motion of plaintiff, con-
sented to by the defendant, set aside. Thereupon defendant
on August 3, 1921, filed a petition in said cause for a new
trial, setting forth substantially the same grounds as had
been mentioned in the motion. The hearing on said petition
was had on March 8, 1922. The court found that the peti-
tion did not show sufficient diligence on the·part of de-
fendant in attempting to procure the newly discovered evi-
dence, and that petition was accordingly dismissed. There-
upon and on May 6, 1922 the defendant filed in said cause
what is denominated its ''petition for a writ of error coram
nobis'', and which, in a general way, sets forth the facts
above mentioned. A demurrer was filed to said last named
petition, upon the ground that the facts stated therein were
not sufficient to constitute a cause of action or to entitle the
defendant to the relief therein prayed. This demurrer was
on February 9, 1923 sustained by the court and the petition
dismissed. From said order the present appeal is taken.

The errors of fact, by reason of which defendant asks to
be relieved from the judgment entered against it and
claimed to have been unknown at the time of the entry
thereof, or previously, are, as stated in the petition for a
writ of·error coram nobis, substantially the following:
First, that it appears from the pleadings and stipulation
of facts hereinbefore mentioned that the sum of $10,836.06
is the total amount of money expended by said plaintiff for
its expenses, aside from the small amount paid by the de-
fendant; that said pleadings and stipulation of facts dis-
close that said plaintiff district had no funds and received
no money except such sums as were received from defendant
district; that in truth and in fact a tax was levied by plain-
tiff school district, during the year 1918, in order to pay its
expenses; that said taxes became available about the first
day of January, 1918, and that the sum of $5,737.36 was in

fact paid to said School District No. 7 on January 4, 1919, and other amounts subsequently; that the total amount of taxes received by said district for said year was $7,208.88; that the sum of $6,440.48 was received from the school fund of the state on February 8, 1919, making a total amount received for said school year of $13,649.36, more than sufficient to pay its expenses for the year commencing with May 1, 1918; second, that said Catherine Coffey, as treasurer of the defendant district, had no authority to refuse payment of any warrants drawn by plaintiff district or to make a statement that defendant district would no longer pay any of the expenses of plaintiff; third, that plaintiff never at any time demanded of the defendant school district the amount of money stated in its petition, except the sum of $87.67, and that the original petition in said cause did not allege any such demand; fourth, that said Sheldon, hereinbefore mentioned, the duly authorized and acting agent of the plaintiff, met with the board of trustees of defendant on July 1, 1918 and agreed with defendant, that in view of the fact that plaintiff was to get the taxes for the year 1918 to pay the legal and necessary expenses for the years 1918 and 1919, it, the plaintiff, would pay its own expenses; fifth, that the statement in said stipulation that defendant had money in its treasury until August 1, 1918, was misleading, and that in fact said defendant did not have money in its treasury until August 1, 1918, sufficient to defray the expenses of both the plaintiff and defendant districts.

Assuming, without deciding that a petition for a writ of error coram nobis is the proper remedy in certain cases, it does not lie for an error of law (34 C. J. 397) but lies only for an error of fact, not appearing on the face of the record, which fact was unknown to the court, and which, if known in season, would have prevented the rendition and the entry of the judgment challenged. The writ will not lie where the party complaining knew the fact complained of, at the time of, or before trial, or by the exercise of reasonable diligence, might have known it, or is otherwise guilty of negli-

gence in the matter.   34 C. J. 393, 394; Alexander v. State, 20 Wyo. 241, 123 Pac. 68, Ann. Cas. 1915a 1282.   We must test the foregoing alleged errors of fact in the light thereof.

Without considering its materiality, it appears that the fact that a special tax was levied in the year 1918 for the benefit of plaintiff school district was made known to the court through the pleadings and through the agreed statement of facts.   It had full knowledge thereof when it entered its judgment on February 11, 1921.   It is true that the specific fact that some of the taxes were paid over to plaintiff on January 4, 1919, was not mentioned, but it clearly appears from the pleadings and stipulation that said special tax was paid over to and received by plaintiff. The statement in the stipulation "that plaintiff district did not receive any apportionment of school moneys nor any school moneys whatsoever, from any source, until February 8, 1919", must be construed in that light and evidently was intended to refer, not to any money received from taxes, but only to the money annually distributed by the state to the several school districts.   In any event, the books of the county treasurer were open to all alike; the facts pleaded and stipulated called specific attention to the levy of the tax, and if the time of payment thereof to plaintiff was, or was deemed, of importance, the truth might have been easily discovered by the slightest care.   In addition to that, the court knew that under the law in force at that time, all taxes became delinquent on December 31, 1918, and that said special tax, if paid, became available to said plaintiff immediately or soon thereafter.   We think it clear that the court was fully advised on the point in question, and we fail to see how the judgment of February 11, 1921 could have been influenced or changed by any more detailed facts in this particular.

That Catherine Coffey, treasurer of defendant school district had no authority to make the statement that defendant would not honor the bills incurred by plaintiff after May 10, 1918, would seem to be wholly immaterial.   Defendant

contended at all times, and is still contending that it should
not pay such bills. In other words, it has at all times con-
sistently maintained, and is still maintaining the identical
position taken by said treasurer, and has by said attitude
confirmed and ratified the action taken by her. How, in
view of such position, the want of authority mentioned,
could have influenced the judgment of the court is hard to
see. And what has been said, applies with equal force to
the fact that no bills, other than for $87.67, were presented
and that no demand was made for any other amount. The
want of allegation of such demand in the original petition,
was, of course, disclosed on the face thereof; that fact must
have been fully known to the court, and it must have ren-
dered judgment with that in mind. It is very apparent,
and must have been apparent to the trial court, that such
demand, in view of defendant's position, would have been
utterly useless. There seems to be no specific statute re-
quiring formal presentation of such bills and demand for
payment before commencement of an action for the amount
claimed, and in the absence thereof it would seem clear,
that even though such presentation of bills and demand for
payment thereof was necessary, it was impliedly waived by
the attitude of the defendant. We have twice held substan-
tially that principle in cases of replevin; (Carroll v. An-
derson, 30 Wyo. 217, 223; 218 Pac. 1038; Boswell v. Bank,
16 Wyo. 161, 194; 92 Pac. 624; 93 Pac. 661) ; that has been
declared to be the rule where a poor officer denied the liabil-
ity of a town for the support of a pauper (30 Cyc. 1136,
1137 and cases cited), and we can see no reason why that
rule should not apply in the case at bar. In any event, if
erroneously applied by the trial court, it was an error of
law and not of fact.

It is claimed that Mr. Sheldon, one of the trustees of plain-
tiff school district, acting by authority of the plaintiff,
agreed with defendant, that in view of the tax levy made by
plaintiff in 1918, defendant should not be responsible for the
bills of plaintiff after May 1, 1918. He went, it appears,

before defendant's board to have bills allowed, and returned empty-handed.   Hence the allegation mentioned can mean nothing more than that he waived further payment, and that he had authority to make such waiver.   It does not appear that there was any consideration therefor or that defendant was placed in any worse position by reason thereof.   The so-called waiver accordingly amounted to nothing more than if a party deeming himself to be the creditor of another, should make a statement to the latter that he would not press his claim.   Such statement could not, at least in the absence of special circumstances, be held to be binding. Hence the lower court, had it been aware of the fact mentioned, could not, legally at least, have been in any manner whatever influenced thereby.

It is claimed that the trial court was not fully advised as to the amount of money which defendant district had on hand in 1918.   We do not think that this claim is justified by the record.   It is stated in the agreed statement of facts that defendant district had each year run out of funds during the school year and had been compelled to operate during a major portion thereof by means of loans; that defendant district had funds in its treasury until August 1, 1918, after which date it paid its indebtedness by registered warrants.   From other statements it appears that defendant did not pay any of plaintiff's bills after May 10, 1918. These facts clearly disclose that defendant simply had money in its treasury to pay its own expenses until August 1, 1918 and no more, and we are unable to see how that could have been made plainer, or how it might have been inferred therefrom, as claimed, that defendant had sufficient money in its treasury till August 1, 1918 with which to pay the expenses of both plaintiff and defendant.

It accordingly appears that the facts stated in the petition now under consideration are not sufficient to warrant any relief thereunder as a petition for a writ of error coram nobis.   But we have been asked to consider it, if necessary, as one in equity.   Even if, however, we could properly do

so, which we do not decide, the facts claimed to have been unknown to the court at the time of the rendition of the judgment of February 11, 1921, were, as we have seen, either known or wholly immaterial, and no bill in equity to open a judgment can be maintained by reason of such facts. 34 C. J. 478, 479. If it is true that the judgment against defendant is in fact unjust, the lack of relief therefrom seems to be largely the result of the abandonment of the appeal, and much as we should like to extend our aid in extricating defendant from an unfortunate situation, no way has been pointed out enabling us to do so.

We think it only fair to state that it appears that defendant's counsel, whose names appear herein, did not represent defendant in the original action and were called into the case only after the appeal from the original judgment had been abandoned and after the proceedings for a new trial upon motion and notice.

The order of the district court in sustaining the demurrer to the petition for a writ of coram nobis and dismissing it, must accordingly be affirmed, and it is so ordered.

POTTER, C. J., and KIMBALL, J., concur.