**Norina D. PAUL, Appellant (Plaintiff),**

v.

**Theodore R. PAUL, Appellee (Defendant).**

**CENTRAL WYOMING LAW ASSOCIATES, P.C., a Wyoming professional corporation, Appellant (Plaintiff),**

v.

**WYMARD & WYMARD, Attorneys at Law, a Pennsylvania partnership, and Norina D. Paul, Appellees (Defendants).**

**Nos. 5472, 5473.**

Supreme Court of Wyoming.

July 27, 1981.

---

See also, 616 P.2d 707.

Kenneth S. Cohen, Jackson, signed the briefs and appeared in oral argument on behalf of Norina D. Paul.

Richard I. Leedy of Hettinger & Leedy, P. C., Riverton, signed the brief and appeared in oral argument on behalf of Theodore R. Paul.

William L. Miller, Riverton, signed the brief and John R. Hursh, Riverton, appeared in oral argument on behalf of Central Wyoming Law Associates, P. C.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Inasmuch as these two cases grew out of the same controversy and relate to the same subject of litigation, we are determining them together. Case No. 5473 is before us for the first time. Appellant therein, Central Wyoming Law Associates, P. C. (here-

inafter referred to as CWLA), represented appellee therein, Norina D. Paul (hereinafter referred to as wife), during the early portion of her divorce action against Theodore R. Paul (hereinafter referred to as husband). Appellee, Wymard & Wymard, was Pennsylvania counsel for wife. CWLA obtained a judgment against wife and Wymard & Wymard for attorney fees in the amount of $27,716.69 with interest and costs. Subsequently, and pursuant to Rule 60(b), W.R.C.P., the district court entered an order that such judgment could be satisfied by payments over a five-year period. CWLA contends that such was error.

Case No. 5472 engendered previous appeals by both parties to the divorce action, *Paul v. Paul*, Wyo., 616 P.2d 707 (1980). In this appeal, wife contends that the district court was without authority to modify its original judgment and decree as it pertained to the division of the personal property of husband and wife, and that the district court erred by not designating the nature of the securities to be placed in the trust fund established pursuant to the divorce decree to provide a $20,000 annual payment to wife as part of the property division.

We reverse both cases and remand Case No. 5472 with directions to take evidence as is necessary to ascertain whether or not there has been reasonable compliance with the property settlement provisions of the original divorce decree, and, if not, to enforce such compliance.

## CASE NO. 5472

■ In the previous appeal in this matter, we affirmed the judgment and decree of divorce entered July 5, 1979. With reference to the division of personal property, such judgment and decree recited in pertinent part:

"21. That the Plaintiff has requested that she be awarded the items listed in Exhibit 'A' attached hereto and Defendant failed to oppose or rebut this request prior to the Court's opinion letter of May 25, 1979, and has, therefore, waived his rights thereto."

And ordered in pertinent part:

"10. That Plaintiff receive possession and title to those items listed on Exhibit 'A' attached hereto, all items of personal property now in her possession, her miscellaneous personal clothing and effects and those of the parties' minor child, Samantha Paul.

"11. That Defendant receive possession and title to those items of personal property now in his possession, excluding those awarded to Plaintiff herein, and his miscellaneous personal clothing and effects."

The mandate on such affirmance was issued on August 14, 1980. On September 22, 1980, wife filed a motion in the district court seeking to enforce the quoted portions of the judgment and decree. On January 8, 1981, the district court issued the order from which this appeal is taken. It provides in part:

"IT IS ORDERED that the provisions of paragraph 10 of the Judgment and Decree entered on July 5, 1979, which awarded to Norina Paul certain items of personalty described in Exhibit A attached to the Judgment and Decree, be set aside and held to be of no further force and effect, it being the intent of the Court that each party shall hereafter own those items of the personalty which he or she presently has in his or her possession, free from any claim by the other."

In directing this change in its previous order, the district court has exceeded its authority in two respects.

First, it cannot alter an affirmation which has been mandated by the Supreme Court.

"Here the finding of assignment was improper because the trial court had no authority to try any issues other than those directed by the former mandate and opinion or any that were necessary to reach a decision on the mandated issues and which had not already been decided. See *Kuhlmann v. Persinger*, 261 Iowa 461, 154 N.W.2d 860 (1967); *Van Orman*

v. *Nelson*, 80 N.M. 119, 452 P.2d 188 (1969); *Michna v. City of Houston*, 534 S.W.2d 728 (Tex.Civ.App.1976), reh. denied. * * * " *Potter v. Gilkey*, Wyo., 570 P.2d 449, 454 (1977).

In the cited case of *Van Orman v. Nelson*, the New Mexico Supreme Court said at page 189 of 452 P.2d:

"* * * upon remand the district court has only such jurisdiction as the opinion and mandate of this court confer. * * *

"The opinion of the court in the former appeal * * * is the law of the case and is binding upon this court on a second appeal. * * *

* * * * * *

"Whether right or wrong, the mandate and direction in the opinion is the limit and extent of the jurisdiction of the district court on remand. * * * "

See *Ethredge v. Diamond Drill Contracting Co.*, 200 Wash. 273, 93 P.2d 324 (1939); *Collins v. Simms*, 257 N.C. 1, 125 S.E.2d 298 (1962); *Ohio Casualty Group v. Parrish*, Fla. App., 338 So.2d 910 (1976); *Home Indemnity Co. of New York v. O'Brien*, 112 F.2d 387 (6th Cir. 1940); *Geuder Paeschke & Frey Co. v. Clark*, 288 F.2d 1 (7th Cir. 1961), cert. denied, 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961); Annotation: Power of trial court to enjoin enforcement of its judgment as affected by previous affirmance, 85 A.L. R.2d 772 (1962).

"An affirmance amounts to a final determination that the proceeding under review is free from prejudicial error, * * *. After affirmance, the trial court is without power to enjoin the enforcement of its former judgment." 5 Am.Jur.2d Appeal and Error, § 934 as supplemented 1980 Cum.Supp. Also see 5 Am.Jur.2d Appeal and Error §§ 991, 996; and 46 Am.Jur.2d Judgments § 768.

Although the mandate must be followed, the district court may take appropriate action under Rule 60(b), W.R.C.P. on matters not subject of the mandate without first obtaining leave of this court. *Standard Oil of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Ohio Casualty Group v. Parrish*, Fla., 350 So.2d 466 (1977); *Modine Manufacturing Company v. ABC Radiator, Inc.*, Fla.App., 367 So.2d 232 (1979). See Annotation: Supreme court's views as to remedies available in supreme court to compel lower court's compliance with supreme court's earlier decision in case, 54 L.Ed.2d 921 (1979); Annotation: Mandamus as appropriate remedy to control action of federal court in civil case—supreme court cases, 57 L.Ed.2d 1203 (1979); Annotation: Construction and application of Rule 60(b)(5) of Federal Rules of Civil Procedure authorizing relief from final judgment where its prospective application is inequitable, 14 A.L.R.Fed. 309 (1973).

Among the issues presented on the first appeal were the following:

By the wife:

"1. The trial judge erred in estimating the net worth of the marital estate and the husband's earning capacity, and this factual error *prejudiced the property division.*

"2. The trial court abused its discretion *in determining the property division.*" (Emphasis added.) *Paul v. Paul*, supra, 616 P.2d at 709.

By the husband:

"2. The trial court lacked jurisdiction to award *some household furnishings* which were owned by a corporation; and

"3. The trial court acted arbitrarily in deeming that the husband or the corporation, of which he was a major shareholder, had waived right *to the aforementioned furnishings.*" (Emphasis added.) 616 P.2d at 709.

The disposition of personal property was considered, and questions concerning it disposed of, in the opinion on the first appeal:

"The judgment contemplates that the wife is to have as her sole and separate property, items from their Pittsburgh residence, most of which are fine household furnishings, silver, jewelry, china and other articles of value. The list of these objects, single-spaced, consumes three legal-size pages of paper. The court did not set a value upon these various house-

hold furnishings and other items of personalty, but we observe and take judicial notice of the fact that the articles listed are of good quality and high value." 616 P.2d at 710.

"As mentioned earlier, the trial court awarded the wife a lengthy list of furnishings, as well as decreeing that the husband had abandoned any claim he might have to furnishings from the Dubois residence. The husband appeals and claims that the trial judge acted arbitrarily. The trial judge has great discretion in making a property division and we do not find it to have been abused in making this distribution." 616 P.2d at 716.

The mandate on the first appeal read in part:

"It is therefore ordered and adjudged, for the reasons stated in the opinion herein this day delivered and filed, that the judgment of said district court be, and the same is hereby, affirmed.

\* \* \* \* \* \*

"NOW, THEREFORE, You are commanded without delay to carry into execution and effect the judgment so as aforesaid rendered by you, in the manner provided by law."

Accordingly, the district court did not have the authority to alter the affirmance by this court of the property division previously decreed by it.

▮▮▮ Secondly, and regardless of the affirmation by this court, the district court exceeded its basic authority in attempting to alter the property division previously decreed by it. The general restrictions on a court for modification or vacation of judgments after the term in which such are made[1] do not apply to decrees concerning child custody, child support or alimony. But such exceptions to these restrictions do not include decrees concerning property divisions.

"Our statutes do grant power to the trial court to revise a divorce decree in two areas, which are: the 'care, custody and maintenance of the children'[1] [§ 20–2–113, W.S.1977] and for a revision of alimony or other allowances for a party or the children.[2] [§ 20–2–116, W.S.1977] These statutes are in no manner applicable in this case because there are no minor children, and because the portion of the decree which the court sought to modify is a property settlement and not alimony, nor does appellee question this. "There is a widely recognized rule that the trial court does not have power to modify a decree insofar as it contains an agreed property settlement or if it is in the nature of a property settlement. For cases illustrating this rule, see *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704, 707; *Salomon v. Salomon*, Fla., 196 So.2d 111, 112; *Kerr v. Kerr*, [309] Minn. [124], 243 N.W.2d 313, 314; see also, 24 Am.Jur.2d, Divorce and Separation, § 821, p. 933; 27B C.J.S. Divorce § 300(4), p. 385. These cases do not recognize any exception based upon the changed financial condition of the parties.

"We have most persuasive Wyoming authority for the disposal hereof. In *Moore v. Moore*, 33 Wyo. 230, 237 P. 235, this court earlier recognized that under § 5006, C.S. 1920, a precursor of § 20–2–116, W.S.1977, that if payments were to be made in lieu of a division of the property, a decree should not be modified. In *Strahan v. Strahan*, Wyo., 400 P.2d 542, 545–546, this court made the following observation:

"'To say that the court has a continuing jurisdiction and a responsibility to revise its provisions for the custody of children, according to their best interest and welfare, is not to say the court retains the same kind of continuing jurisdiction with respect to the civil rights of the parents, as between each other.'

"The final answer rests in *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244, 1248–49, when this court said:

---

1. The judgment here attempted to be modified was rendered during a previous term, i. e., the

judgment was rendered July 5, 1979, and the modifying order was entered January 8, 1981.

" ' * * * We cannot interpret our statute authorizing the court to alter a decree for alimony or allowance for children as permitting it to interfere with or modify what has become a money judgment. Just because the final judgment for a fixed sum of money grows out of a divorce action does not continue the power of the court granting the divorce * * * to extend the time for payment thereof or otherwise modify the same. When the final judgment is entered the discretionary powers of the courts are exhausted.' " (Bracketed material added.) *Pavlica v. Pavlica*, Wyo., 587 P.2d 639, 640–641 (1978).

Nor does the record reflect the circumstances of this case to be those which would allow modification or vacation of judgments after the term in which such are made pursuant to Rules 59 and 60, W.R.C.P. and § 1–16–401, W.S.1977, et seq., which provide for such modification or vacation for fraud, mistake, inadvertence and similar reasons. A claim to modify this portion of the order on the basis of the provisions in such rules and statutes was not here made. If such had been made, an opportunity for presentation of evidence to show exceptional circumstances would be required. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979). The order appealed from recites in part:

"At the commencement of the hearing the Court advised that it had reviewed the various motions as well as the files in these proceedings, and that it did not intend to hear any evidence with respect to the issues before the Court."

For either of the two foregoing reasons, the district court lacked the power to modify its previous judgment and decree in the manner here attempted.

That said above also pertains to wife's contention that there was error in failure to designate the specific nature of the securities necessary to fund the trust.

The original judgment and decree provided in part:

"6. That as an equitable division of the parties' property, the Defendant shall form and maintain a trust fund with a reputable banking institution which shall pay to the Plaintiff $20,000 in interest annually, payable on June 1 of each year, for 34.2 years. Said trust fund is to begin payment to Plaintiff on June 1, 1980. At the conclusion of the 34.2 years, or upon the death of Plaintiff, whichever occurs first, the principal of said trust fund shall be transferred and set over to the parties' child, Samantha Paul."

The court stated in so many words that the trust arrangement was part of the property division. In our first opinion, we commented in part as follows concerning the trust arrangement:

" * * * This award returns to Mrs. Paul $1,666.66 per month throughout her life expectancy. It imposes upon the husband a total obligation of approximately $680,000.00 from trust fund payments (assuming a figure of $200,000.00 is sufficient to fund the trust) * * *." 616 P.2d at 711.

And footnote 1, p. 711:

"Redundant, but still real, is the defendant's obligation to furnish the trust with a sum of mony [sic] which will do two things:

"(a) Furnish the plaintiff $20,000.00 a year.

"(b) Be intact at the end of 34.2 years and available for the child of the parties at that time.

"The dreamers might say that in this day and age of high interest rates, this will take only $200,000.00. Most of the members of this court remember when it would have taken $400,000.00—and it might again! ! "

The district court could have been more specific with reference to identity of the trustee and of the nature of the corpus, but it opted otherwise, and it was within its discretion to do so. As stated in the opinion on the first appeal, the obligation to fund the trust in an amount to service the required payments is on husband. The consequences of his failure to do so will be his. For the reasons indicated, the district court

does not have the power to relax or tighten the requirements previously imposed upon him. To the extent that such was attempted in the order here appealed, it is reversed.[2]

The prohibition against untimely and improper modifications of judgments is not to be confused with the power of the district court to enforce such judgments. The district court in this instance can use the usual and regular methods to secure compliance with the original judgment and decree rendered by it.

## CASE NO. 5473

■ The issue presented by CWLA in its appeal is similar to the issues presented by wife in Case No. 5472. However, Rule 60(b)(5) and (6) is specified in the arguments in this case as the authority under which the trial court acted in modifying its original judgment. Rule 60(b) provides in pertinent part:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * * "

The judgment in favor of CWLA and against wife and Wymard & Wymard for $27,716.69 plus interest and costs was obtained on January 2, 1980. The judgment was corrected on September 11, 1980 nunc pro tunc to specify a personal judgment against wife and the amount upon which execution would attach. On September 22, 1980, wife filed a motion to amend the judgment, claiming that a lump sum payment would be a hardship and requesting that payment in installments be authorized. Hearing on the motion was set for December 16, 1980. On December 15, 1980, wife filed a motion "in furtherance of her previous motion" and in reliance on "Rule 60(b)(5) and (6) of the Wyoming Rules of Civil Procedure" in which she requested that the judgment be modified to provide for payment over a four-year period.

The motions came up for hearing in the district court on December 16, 1980, the same time in which the motions in Case No. 5472 were heard. As previously noted, evidence was not received. The January 8, 1981 order provided as follows with reference to this case:

"IT IS FURTHER ORDERED that the Judgment entered in Civil 19631 on January 2, 1980, as modified by the Judgment Nunc Pro Tunc entered on September 11, 1980, be satisfied by payments to Central Wyoming Law Associates in the sum of $5,000.00 per year for four years, with the remaining principal balance, if any, together with interest on the judgment at the lawful rate, to be payable in the fifth year."

Rule 60(b) is not to be used as a substitute for appeal. *Kennedy v. Kennedy,* Wyo., 483 P.2d 516 (1971); *Martellaro v. Sailors,* Wyo., 515 P.2d 974 (1973); *McBride v. McBride,* supra. The rule is applicable only to special situations justifying extraordinary relief, and a showing of exceptional circumstances must be made. *McBride v. McBride,* supra; *Martellaro v. Sailors,* supra; *Atkins v. Household Finance Corporation of Casper,* Wyo., 581 P.2d 193 (1978).

In *Kennedy v. Kennedy,* supra, we also noted the fact that plaintiff had not taken advantage of the use of Rule 59(e), W.R. C.P. militated against his use of Rule 60(b),

2. Such order provided in part:

"IT IS FURTHER ORDERED that the Trust required by the Judgment and Decree, at paragraph 6, to be established for the benefit of Mrs. Paul, be done through a Wyoming banking institution; and that the Trust contain a proviso that should such Trust not generate sufficient income to pay Mrs. Paul the sum of $20,000.00 per year for 34.2 years, then and in such event Mr. Paul or his estate shall be liable to Mrs. Paul for any deficiency; and that the first such annual payment from the Trust shall be due and payable on January 1, 1982, with each of the remaining 33.2 annual payments to be due every consecutive January 1 thereafter."

W.R.C.P.[3] Even if it could be demonstrated that the original judgment worked a hardship, or, in the language of Rule 60(b)(5) that it is no longer equitable that the judgment have prospective application, modification would not be proper in this instance.

"* * * It is blackletter law that an unjust judgment or order by itself is not enough to grant relief under equitable principles. In order to succeed, the aggrieved party in addition must show a satisfactory *excuse* for not having made his claim or defense in the original action *and diligence* in seeking relief * * *." *DeMello v. Souza*, 36 Cal.App.3d 79, 85, 111 Cal.Rptr. 274, 278 (1973). See *School Dist. No. 7 in Weston County v. School Dist. No. 1 in Weston County*, 33 Wyo. 65, 236 P. 1029 (1925); Restatement of the Law (Second) Judgments, Tentative Draft No. 6 § 122 (1979); *Edwards v. City of Cheyenne*, 19 Wyo. 110, 114 P. 677 (1911), reh. denied, 19 Wyo. 110, 122 P. 900 (1912).

Federal authorities interpreting identical language in the federal rule permitting relief from a judgment on the ground that " 'it is no longer equitable that the judgment should have prospective application' " have said that such does not generally apply to money damages. *Ryan v. United States Lines Company*, 303 F.2d 430, 434 (2nd Cir. 1962); *Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417 (3rd Cir. 1978); See 7 Moore's Federal Practice § 60.26[4]; 11 Wright and Miller, Federal Practice and Procedure: Civil § 2863, p. 205.

In summary, we do not find circumstances in this case which would compel the district court to rely on Rule 60(b) as a basis for modifying its earlier judgment.

"* * * There must be some finality to these proceedings and they cannot be prolonged by reliance upon this rule except under compelling circumstances * * *." *Martellaro v. Sailors*, supra, 515 P.2d at 976.

Both cases are reversed and Case No. 5472 is remanded with directions to take evidence as is necessary to ascertain whether or not there has been reasonable compliance with the property settlement provisions of the original divorce decree and, if not, to enforce such compliance.

3. In this case, wife's September 13, 1980 motion was filed the day after the judgment. It was within the ten-day time in which a Rule 59(e), W.R.C.P. motion could be filed. However, the motion was set for hearing, without objection, for December 16, 1980—more than the 90 days allowed by the rule for determining the motion. 6A Moore's Federal Practice § 59.12; 11 Wright and Miller, Federal Practice and Procedure: Civil § 2817. Wife's motion of December 15, 1980 in reliance on Rule 60(b)(5) and (6) may have been in recognition of this fact. Rule 59(f), W.R.C.P. provides:

"* * * Motions for new trial and motions to alter or amend a judgment shall be determined within sixty (60) days after the entry of the judgment, and if not so determined shall be deemed denied, unless within such sixty (60) days the determination is continued by order of the court but a continuance shall not extend the time to a day more than 90 days from the date of entry of judgment."