Eugene STEVENS, Appellant (Defendant),

v.

W.J. MURPHY, Appellee (Plaintiff).

No. 83–191.

Supreme Court of Wyoming.

April 23, 1984.

Eugene Stevens, pro se.

John Burk, Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from an Order denying a Motion To Set Aside Judgment pursuant to Rule 60(b)(3), W.R.C.P.[1], the grounds of the motion being fraud and misrepresentation of the adverse party.

Appellant prepared and filed his own brief and appeared pro se in argument. The issues are not framed in his brief. From the sparse record before us, however, we conclude that the issue presented for our determination is:

Whether the trial court abused its discretion in denying appellant's motion.

This case was filed in the district court May 20, 1975. The lengthy, difficult proceeding involved depositions, discovery, appointment of a master, special findings, objections to findings and hearings, a trial to the court, and judgment. There was an appeal from the judgment to the Wyoming Supreme Court which affirmed in part, reversed in part and remanded the case for further proceedings consistent with the court's opinion, *Murphy v. Stevens*, Wyo.,

645 P.2d 82 (1982). Mandate on Reversal or Modification issued June 8, 1982, and thereafter a modified judgment was entered and filed in the case.

Appellant filed his Rule 60(b) motion to set aside the modified judgment because of claimed fraud and misrepresentation of the adverse party. On August 16, 1983, the court, without hearing, entered an order denying appellant's motion. Although a hearing on motions is ordinarily a preferable mode of disposition, it is not mandated by the Wyoming Rules of Civil Procedure. The motion here presented nothing new nor anything not already considered by the court. When this fact is apparent from the motion and record, the court may, in its discretion, decide the question on the papers before it without a hearing. *Alberger v. Harvison*, Fla.App., 342 So.2d 537 (1977); *Hopkinson v. State*, Wyo., 679 P.2d 1008 (1984); 56 Am.Jur.2d Motions, Rules, and Orders § 23.

A Rule 60(b) motion is addressed to the sound discretion of the court, and its ruling will be reversed on appeal only if the trial court was clearly wrong. *Gifford v. Casper Neon Sign Co., Inc.*, Wyo., 639 P.2d 1385 (1982); *Atkins v. Household Finance Corporation of Casper*, Wyo., 581 P.2d 193 (1978). The motion was here denied, and the question we must determine on appellate review is whether there was an abuse of discretion in the denial. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979).

Where fraud and misrepresentation is relied upon as a ground for relief sought pursuant to a Rule 60(b) motion, it must be proved by clear and convincing evidence. Fraud is never presumed, and the burden of proof to clearly establish such fraud or misrepresentation is upon the party seeking relief. *McBride v. McBride*, supra, 11 Wright & Miller, Federal Practice and Procedure: Civil § 2860, pp. 188–189.

---

1. Rule 60(b), W.R.C.P., provides:
   "On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *."

Appellant's Rule 60(b) motion in this case was twenty-six pages in length and there was attached to the motion as an exhibit a transcript of opposing counsel's argument in the supreme court consisting of an additional twenty pages. No other exhibits are attached. The motion relies upon excerpts from the transcript of testimony, exhibits in the trial, court records, findings of fact and conclusions of law of the trial court, the argument before the supreme court, and the supreme court's opinion in this case, to establish fraud and misrepresentation of the adverse party. In essence, appellant, in his brief and argument, interprets and weighs all of this testimony and evidence and concludes that the adverse party was guilty of fraud and misrepresentation. For example, appellant states that contrary to the general findings of the trial judge,

"* * * There absolutely never was at any time any partnership existing between defendant and Ralph L. Schauss. * * *"

And again appellant states:

"* * * The Wyoming Supreme Court has also decided that this was an illegal scheme concocted by defendant to subvert government regulations. Defendant states that such conclusion is absolutely incorrect; that he did not concoct any illegal scheme whatsoever * * *."

And, in paragraph eight of the motion, defendant states:

"On page 144, Volume I of the Trial Transcript, Murphy stated that at the time he, defendant and Schauss had the incorrectly alleged meeting in Denver * * * [concerning] nine coal prospecting permit applications * * * he was falsely accused of having prepared * * *."

And, in paragraph twelve, appellant complains that his attorney, in argument,

"* * * made * * * terribly untrue statements which were so damaging to defendant at the hearing before the Wyoming Supreme Court on November 18, 1981 * * *."

The above quotations from appellant's motion are representative of his effort to establish misrepresentation and fraud.

The entire motion is a review of the testimony, depositions, discovery, exhibits, and all that occurred in this difficult, complex trial. Appellant feels the result of the trial was wrong. Unsuccessful litigants often harbor these feelings. On this motion, appellant attempts to retry the case, relitigate the controversy, and asks the court to set aside its judgment and determine the controversy in his favor.

In this effort appellant must fail, for he has not established fraud by clear and convincing evidence. Here appellant presents nothing new. The trial court, on a motion after remand pursuant to Rule 60(b), may grant relief where appropriate without first obtaining leave of this court. *Paul v. Paul*, Wyo., 631 P.2d 1060 (1981). However, the granting of such relief generally depends upon the occurrence of later events or requires a showing of something that was unknown or not before the court originally. *Standard Oil Company of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Ohio Casualty Group v. Parrish*, Fla., 350 So.2d 466 (1977). The exhibits, testimony, files, and records in this case were before the trial court originally and before this court on appeal. The issues they presented were the same then as now and were resolved and settled.

There is a strong policy opposed to the repeated litigation of the same factual issues. Everyone is entitled to his day in court. But all litigation must end sometime, and when there has been a trial, at which each party has had a full and fair opportunity to present his case and there is no showing of any lawful or just reason for interference with the result, it ought to end there. Appellant has not shown by clear and convincing evidence, or by any evidence that has not already been considered, that he should be granted the relief sought. We find no abuse of discretion in the denial of the motion to set aside the judgment.

In denying appellant's motion, the trial court stated:

"* * * [S]uch a motion cannot be entertained after the judgment has been affirmed on appeal by the Wyoming Supreme Court."

As we have already noted, the court was incorrect in this conclusion, *Paul v. Paul,* supra. However, the denial of the motion was proper because of the failure of appellant to make any showing of something new or a later occurrence that may have affected the result and which could provide a basis for his motion.

We have heretofore held that where the reason for an order of dismissal is incorrect, if the court's decision is sustainable upon another theory or any proper ground, it should be affirmed. *Agar v. Kysar,* Wyo., 628 P.2d 1350 (1981); *Weber v. Johnston Fuel Liners, Inc.,* Wyo., 540 P.2d 535 (1975). The ruling of the court on this motion was correct; the decision of the court, therefore, should be upheld on appeal, and it is

Affirmed.