**Tom D. McMILLAN, Sr.,**
**Appellant (Defendant),**

v.

**Ramona J. McMILLAN,**
**Appellee (Plaintiff).**

No. 84–285.

Supreme Court of Wyoming.

July 10, 1985.

J. John Sampson, Newcastle, for appellant.

Donald B. Hansen of Jones, Dumbrill & Hansen, Newcastle, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROSE, Justice.

On April 2, 1981, a decree was entered in the district court in and for Weston County, granting plaintiff-appellee Ramona J. McMillan a divorce from defendant-appellant Tom D. McMillan, Sr. The property of the parties was divided, and Tom was ordered to pay Ramona $800 per month for a period of ten years, as alimony. On August 8, 1984, the appellant filed a motion to, among other things, reduce alimony payments, which motion was, by order dated October 9, 1984, denied.

The appellant urges these following errors:

1. "The district court erred and abused its discretion when it denied appellant's motion to modify decree of divorce, to reduce appellant's alimony payments."

2. "The court erred in considering the alimony as a property settlement."

### FACTS

Appellant is the president, sole stockholder and only director of McMillan and Son, Inc., a corporation which performs oil-well drilling services. In 1981, the "gross income cash flow" of McMillan and Son was $467,000, while in 1983 the cash flow had been reduced to $208,000. Tom McMillan's "gross salary and ad-gross income" had been reduced between 1980 and 1983 as follows:

| | 1983 | 1982 | 1981 | 1980 |
|---|---|---|---|---|
| Gross Salary | $12,000 | $12,000 | $35,000 | $50,000 |
| Adjusted Gross Income | $ 9,527 | $13,661 | $39,134 | $61,217 |

In spite of these figures indicating business and personal-income reduction, the district court found that the appellant treated his business finances as though they were his personal affairs in many important respects, and that he was still able to pay the $800 per month which the decree of divorce directed he should pay to his former wife.

In support of the trial judge's conclusion that the appellant habitually and freely comingled his personal and corporate monies, the record reveals that Mr. McMillan had borrowed over $127,000 from the corporation, but had not executed a promissory note until two weeks before the modification hearing. An Internal Revenue Service audit showed that corporate assets were habitually assigned to McMillan's personal use, and even after the audit he continued to conduct his affairs in this way. He paid for much of his living and recreational expenses through the business checking account. A certified public accountant hired by appellee examined the business books to find and testify to approximately $40,000 of questionable expenses paid by the corporation for the period November, 1983 to September, 1984. This certified public accountant also found that McMillan and Son was strong financially and had no debt.

By reason of the manner in which appellant conducted his business, the district court found that

"* * * Mr. McMillan and his corporation * * * are one.

"Tom McMillan runs the business. He is the business,"

and we find that the trial court was justified in coming to this conclusion.

### POINT I DECIDED

We will hold in deciding the second issue, that the payments ordered by the trial court were a part of the property-settlement provisions of the decree following the entry of which the court loses jurisdiction, *Paul v. Paul*, Wyo., 631 P.2d 1060, 1064 (1981); but we would not have found an abuse of the trial court's discretion even if the payments were considered to be alimony.

We have held on countless occasions that the district court's decision regarding the modification of alimony and support-payment provisions contained in divorce decrees will not be disturbed unless there is a clear abuse of discretion. *Heyl v. Heyl*, Wyo., 518 P.2d 28 (1974); *Tanner v. Tanner*, Wyo., 482 P.2d 443 (1971); *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244 (1976); *Rubeling v. Rubeling*, Wyo., 406 P.2d 283 (1965); *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 22 P.2d 199 (1933).

In resolving the question which asks whether the trial court has abused its discretion, we seek to discover whether the trial court could reasonably have come to the conclusion it did. *Martinez v. State*, Wyo., 611 P.2d 831 (1980). In the case at bar, we have no trouble whatever in concluding that any change of financial circumstance suffered by appellant has not rendered him incapable of paying the sum of money to the appellee which was decreed by the court. The ultimate question is whether the appellant possesses the ability to pay. *Lonabaugh v. Lonabaugh*, supra.

It was for the trial court to decide whether the appellant treated the corporation as though it were one and the same entity as Tom McMillan, and the record supports the trial judge's decision that they have been treated for business as well as personal purposes as one and the same. This being so and it having been established that the company was financially sound, it appears to this court, as it did to the trial court, that Mr. McMillan's circumstances have not changed so dramatically as to preclude his complying with the payments to the appellee that were mandated by the divorce decree.

### ISSUE NO. 2

#### Alimony or Property Settlement

The appellant argues that the trial court abused its discretion when, in off-hand remarks at the close of the modification hearing, the judge observed that the payments provided for in the original decree were really a part of the property settlement instead of alimony.

The decree of divorce provided:

"Tom D. McMillan, Sr., is also ordered to pay to Ramona J. McMillan the sum of $800.00 per month for a period of 10 years. The first payment shall be due on April 6, 1981, and like payments shall be due monthly thereafter. This order and decree shall constitute a lien upon all the real property of Tom D. McMillan, Sr., which he receives in this decree of divorce, until all the payments are paid in full. Said lien shall also continue in existence against the estate of Tom D. McMillan, Sr., if he should die before all of said monthly payments are paid. These payments are to be alimony payments so that they are deductible upon his income tax returns."

It is contended by the appellee that the trial judge treated the payment provision as a part of the property settlement between the parties but, in an attempt to be helpful to Mr. McMillan, called it alimony so he could deduct the payment for income-tax purposes. Of course, if the payments were a part of the property settlement, the trial court was without jurisdiction to change the payments. *Paul v. Paul*, supra.

In *Paul v. Paul* we said:

" 'There is a widely recognized rule that the trial court does not have power to modify a decree insofar as it contains an agreed property settlement or if it is in the nature of a property settlement. For cases illustrating this rule, see *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704, 707; *Salomon v. Salomon*, Fla., 196 So.2d 111, 112; *Kerr v. Kerr*, [309] Minn. [124], 243 N.W.2d 313, 314; see also, 24 Am. Jur.2d, Divorce and Separation, § 821, p. 933; 27B C.J.S. Divorce § 300(4), p. 385. These cases do not recognize any exception based upon the changed financial condition of the parties.

" 'We have most persuasive Wyoming authority for the disposal hereof. In *Moore v. Moore*, 33 Wyo. 230, 237 P. 235, this court earlier recognized that under § 5006, C.S. 1920, a precursor of § 20-2-116, W.S.1977, that if payments were to be made in lieu of a division of the property, a decree should not be modified. In *Strahan v. Strahan*, Wyo., 400 P.2d 542, 545-546, this court made the following observation:

" ' "To say that the court has a continuing jurisdiction and a responsibility to revise its provisions for the custody of children, according to their best interest and welfare, is not to say the

court retains the same kind of continuing jurisdiction with respect to the civil rights of the parents, as between each other."

" 'The final answer rests in *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244, 1248–49, when this court said:

" ' " * * * We cannot interpret our statute authorizing the court to alter a decree for alimony or allowance for children as permitting it to interfere with or modify what has become a money judgment. Just because the final judgment for a fixed sum of money grows out of a divorce action does not continue the power of the court granting the divorce * * * to extend the time for payment thereof or otherwise modify the same. When the final judgment is entered the discretionary powers of the courts are exhausted." ' 631 P.2d at 1064–1065, quoting from *Pavlica v. Pavlica,* Wyo., 587 P.2d 639, 640–641 (1978)."

██ Since the issue is for us to decide, we must look at what the payment provision is in law—not what the judge called it. The above-quoted segment of the decree calls for the payment of a sum certain— $800 a month for 10 years—and fixes the obligation as a lien upon real property in order to secure the payment even after death of the parties. These are the characteristics of a property settlement, and we hold that this is what it was. We said in *Warren v. Warren,* Wyo., 361 P.2d 525, 527 (1961):

"Alimony granted as support and maintenance terminates upon the death of either of the parties. [Citations.] This is not true, however, of payments which are themselves an integral part of the adjustment of property rights."

It is clear to us that the payments contemplated by the trial court's decree of divorce were in fact a part of the adjustment of the property rights of the parties, since the sum is certain and payments do not terminate upon the death of either of the parties if the full ten years of payment at the rate of $800 per month have not been fully discharged.

In *Lonabaugh v. Lonabaugh,* supra, this court distinguished between a property-settlement provision with respect to which the trial court does not have subsequent authority to modify, and an alimony provision over which modification authority is retained. We observed that a distinguishing characteristic is indicated where the payment is enforceable even though the wife survives the husband. It is to be noted that this court was concerned with the substance of the decree in *Lonabaugh,* rather than its wording. The decree referred to the payments to the wife as a part of the property settlement, but the attendant provisions were possessed of the characteristics of alimony in that payments were to cease upon remarriage, and so the trial court treated the provision as alimony. Here, the reverse is true. The trial court called the payment alimony for the tax convenience of the husband, but the fact that the sum which must be paid can be computed with certainty and is required to be paid even after death of either of the parties leaves no room for doubt but that the provision was in fact a part of the property settlement.

We have held, in a case which is controlling here, that, where a divorce decree ordered the husband to pay the former wife $75 per month for a period of ten years, it was immaterial whether the payment was classified as property settlement or alimony since the decree provided for a sum certain—a characteristic of property settlement, and inconsistent with alimony. *Neagle v. Neagle,* Wyo., 481 P.2d 661 (1971).

Affirmed.