**Edna Gaines, Plaintiff-Appellant, v. Harry Gaines, Defendant-Appellee.**

**Gen. No. 52,309.**

First District, Fourth Division.

February 5, 1969.

D. Adolphus Rivers, of Chicago, for appellant.

Marshall E. Winokur, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by plaintiff from an order entered on December 23, 1966, reducing the amount of child support which the defendant was required to pay. The court found that defendant had experienced a substantial change in his financial circumstances so as to necessitate the reduction. The court also denied fees to plaintiff's attorney.

Plaintiff makes three contentions on appeal: (1) the petition of defendant for a reduction in child support does not allege any facts which constitute a change in circumstances sufficient to sustain a reduction in child support requirements; (2) defendant did not prove by the manifest weight of the evidence that he had experienced a substantial change in circumstances; and (3) attorney's fees should have been granted for services rendered in the enforcement of the decretal order of April 29, 1966, for child support and in the defense of defendant's petition for reduction of child support.

A decree of divorce was entered in behalf of plaintiff on November 22, 1960, awarding her custody of the parties' minor son. Defendant was ordered to pay $20 per week for child support.

On April 29, 1966, pursuant to a petition of plaintiff for a rule to show cause and for an increase in child support, an order was entered modifying the divorce decree to require defendant to pay increased child support of $56 twice a month. There was a finding that defendant was $220 in arrears in his child support payments, and he was ordered to pay that amount at the rate of $10 twice a month.

On August 4, 1966, plaintiff filed a petition for a rule to show cause alleging that defendant had failed to pay any part of the $220 arrearage and that as of July 15, 1966, defendant owed $316. Plaintiff prayed for a rule to issue and for a reasonable allowance for attorney's fees. On September 14, 1966, defendant filed his answer stating that he is regularly employed by the Chicago Police Department but denying that he is well able to pay increased child support or a fee for plaintiff's attorney. He further alleged that the decretal order of April 29, 1966, was entered without a full and complete hearing as to his financial status, and he prayed that the rule to show cause be denied and that a hearing to determine his financial status be held.

On October 26, 1966, defendant filed a petition to reduce child support payments in which he alleged that at the time of the divorce decree he was working at three jobs (for the Chicago Police Department, for the United States Post Office and for the Antioch Baptist Church) ; that he lost his job at the Post Office on November 26, 1965; that he was adjudicated a bankrupt in 1965; that he owes a mortician $612 for his father's funeral; that he owes a doctor $145 for recent hospitalization; that he was suspended from the police force for five days in May 1966. He prayed that the child support payments be reduced from $56 every two weeks to $10 per week, plus the continued payment of hospitalization insurance for the child.

On the same day plaintiff filed an answer to defendant's petition alleging that defendant's loss of job was taken into consideration at the April 29, 1966, hearing; that the loss of job is not a change in circumstances subsequent to the April 29 order; that the adjudication of bankruptcy (which also preceded the April 29 order) puts defendant in a better position to pay support by eliminating some debts; that defendant is not the sole support of his mother who receives Old Age Pension; that defendant's suspension for five days from the police force has no bearing on his ability to pay support in the future; and that defendant received a full hearing before the order of April 29 was entered.

On December 21, 1966, defendant filed an amended petition to reduce child support alleging that subsequent to the order of April 29, 1966, he was suspended from the police force for five days without pay; that a judgment was entered against him for $143.65; that an internal revenue assessment of $141.49 was levied against him; that he is paying off the balance of a $612 bill for the funeral of his father even though this obligation was discharged in bankruptcy; that he had incurred a doctor bill of $145 which is now being collected by a collection agency; that he had to contribute to the support of his aged mother; that he had to obtain an attorney to defend him in a lawsuit where he is being sued for $1,000; and that he has terminated his job with the Post Office.

On December 23, 1966, the Circuit Court ordered that the payments of child support be reduced to $20 per week; that defendant pay $2.50 per week on the arrearage until it is fully paid off; and that the petition for a rule to show cause be dismissed. The court also found that defendant "was not in a position to pay plaintiff's attorney's fees." Plaintiff appealed from the finding regarding the attorney fees and from the judgment fixing the amount of child support at $20 per week.

12

## Opinion

We would first point out that although the order recited that a full hearing had been held on all the issues there is no record of any evidence of any kind having been adduced or considered. The report of proceedings contains only the statements and comments of the attorneys. These discussions dealt with the pleadings and references to pretrial conferences in chambers.

■ The plaintiff contends that the petition and amended petition for reduction of support payments do not state a sufficient change in circumstances to sustain a reduction in such payments. Any change in support payments is left to the discretion of the court, but it is well established that the petitioning party must demonstrate a sufficient change in circumstances since the previous decree. Eggemeyer v. Eggemeyer, 86 Ill App 2d 224, 230, 229 NE2d 144; Goodman v. Goodman, 329 Ill App 444, 69 NE2d 26 (abst); Schilling v. Schilling, 341 Ill App 477, 94 NE2d 610 (abst). In the instant case defendant must show that his ability to contribute to the needs of the child had diminished since the entry of the April 29, 1966, decree. See Zug v. Zug, 81 Ill App2d 298, 225 NE2d 146 (abst).

In his petition defendant alleges that he lost his job with the Post Office on November 26, 1965. Since this occurred before the April 29 order it is not a change in circumstances during the relevant period. He also alleges that he was adjudicated a bankrupt in 1965; but this also occurred before the entry of the April 29 order. Furthermore, the discharge in bankruptcy does not diminish defendant's ability to make support payments since the discharge relieves him of debts and thereby strengthens his financial position. He also alleges that he owes a mortician $612 for the funeral of his father; but this debt was discharged in bankruptcy and later revived by defendant. As such, not only did the debt arise before the April 29 order but it is of such a nature that it

13

cannot be fairly used as a demonstration of a change in circumstances. Having been relieved of the debt, defendant chose to revive it to the potential harm of his child.

██ Defendant further alleges that he was suspended from the police force for five days; however, this is not a permanent change in his circumstances and thus would not be a valid basis for permanent reduction in support payments. He also asserts various other debts including a judgment against him for $143.65, an internal revenue assessment of $141.49, a doctor bill of $145 and attorney's fees for his defense in another lawsuit. It is uncontradicted that defendant's net income was $490.36 per month. Under those circumstances, we cannot find that these minor debts are a basis for reducing the child support payments from $56 twice a month to $20 per week.

██ ██ Defendant, however, claims that the decree of April 29, 1966, which set the payments at $56 semimonthly, was invalid and therefore it was unnecessary for him to show a change in circumstances. He argues that since the April 29 decree is void he is only obligated to pay $20 per week as originally ordered in the divorce decree, and that the court's order of December 23 merely reinstates the original order. However, his argument urging invalidity is not convincing. He concedes that a court which grants a decree of divorce retains jurisdiction over the parties to make such alterations in support of children as shall appear reasonable and proper (Ill Rev Stats 1965, c 40, § 19) but urges that the court was without jurisdiction because the petition for an increase in support payments did not allege any change in plaintiff's or defendant's circumstances. Thus the sufficiency of the petition and not the jurisdiction of the court is the target. In Eggemeyer v. Eggemeyer, 86 Ill App2d 224, 229 NE2d 144, and Smith v. Smith, 334 Ill 370, 166 NE 85, cited by defendant, the trial court found

14

petitions to be insufficient but there were no findings that the court lacked jurisdiction or that the proceedings were void. In the instant case there was a full hearing on plaintiff's petition on April 29. We cannot conclude that the alleged failure of plaintiff's petition to specifically set out a change in circumstance voided the order entered on that petition. The order of April 29, not being void, defendant could properly have sought relief from its terms only by the timely filing of a motion to vacate, a section 72 petition or an appeal, none of which he did.

■ Plaintiff also contends that she is entitled to attorney's fees. In Gregory v. Gregory, 52 Ill App2d 262, 269, 202 NE2d 139, the court stated:

> When it becomes necessary that a party employ counsel to come into court to enforce her rights under a decree of that court, she is entitled to be allowed her reasonable attorneys' fees. Riddlesbarger v. Riddlesbarger, 341 Ill App 107, 93 NE2d 380; Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502.

The trial court may consider the circumstances of the defendant in setting the amount of attorney fees and the method of payment but should not excuse the allowance of fees on the ground that defendant is "not in position" to pay them.

■ The judgment of December 23, 1966, ordering defendant to pay $20 per week for child support is reversed (the judgment of April 29, 1966, ordering defendant to pay $56 every two weeks is thereby reinstated) and the finding that defendant is in no position to pay attorney fees to plaintiff is also reversed and the cause remanded for a determination of attorney fees to be paid by defendant to plaintiff.

Reversed in part; reversed and remanded in part.

ENGLISH and STAMOS, JJ., concur.