BERNICE LARSEN, PLAINTIFF *and* APPELLANT, *v.* HAROLD D. LARSEN, DEFENDANT AND RESPONDENT.

No. 11935.
Submitted June 15, 1971.
Decided July 28, 1971.
487 P.2d 509.

Cannon, Smith & Garrity, Charle A. Smith, Helena, argued, for plaintiff-appellant.

Harold D. Larsen, pro se.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

Bernice Larsen, appellant herein, hereinafter called plaintiff,

brought this matter on for hearing on her motion for a money judgment for arrears in alimony. Harold D. Larsen, respondent herein, hereinafter called the defendant, filed a cross petition to have payment of the alimony arrearage forgiven and to relieve him from the obligation of paying any further alimony. The court granted judgment for alimony payments in arrears in the amount of $6,000; reduced the alimony payments from $160 per month to $100 per month for a period of 20 months; and cancelled all alimony payments thereafter. From this judgment the plaintiff appeals.

Plaintiff assigns error on the basis that the court's findings of fact do not support and, in fact, are inconsistent with its conclusions of law and the resulting court order modifying alimony payment.

Defendant was not represented by counsel in this appeal, but rather chose to file comments on the plaintiff's brief appeal. These comments were received by this Court and given consideration.

The findings of fact are as follows:

"I.   Plaintiff and defendant were divorced on May 20, 1965, at which time defendant agreed to pay plaintiff alimony in the amount of $160 per month beginning May 1, 1965, and continuing until she remarried.

"II.   Plaintiff has not remarried.

"III.   Defendant is in arrears in alimony payments to plaintiff in the total amount of $6,000.00 through July 1, 1970.

"IV.   Defendant has filed to show that plaintiff agreed to any reductions in alimony payments due her from defendant.

"V.   Defendant's annual income at the time of entry of the decree of divorce was approximately $10,000.

"VI.   Defendant's present annual income is approximately $16,000 annually and two years hence can reasonably be expected to rise to $18,000 annually.

"VII.   Beginning with the payment due plaintiff on January 1, 1966, defendant reduced alimony payments to plaintiff from $160.00 to $75.00 per month.

"IX. Beginning with the payment due on January 1, 1968; through the payment due on August 1, 1969, defendant reduced alimony payments to plaintiff from $160.00 per month to $50.00 per month.

"X. Beginning with the payment due on September 1, 1969, defendant ceased making any alimony payments to plaintiff whatever.

"XI. Having paid plaintiff $4,080.00 since the entry of the decree of divorce herein, defendant is in arrears in alimony payments due plaintiff through July 1, 1970, in the total amount of $6,000.00.

"XII. * * *

"XIII. Defendant has shown no changes in his circumstances warranting relieving him of the obligation to pay further alimony."

Upon these findings of fact the court concluded:

"I. Defendant has failed to show cause for forgiving the payment of alimony by which he is in arrears to plaintiff pursuant to the decree of divorce entered herein on May 20, 1965.

"II. Defendant has failed to show any change of circumstances warranting relieving him of the obligation to pay any further alimony.

"III. Defendant's petition of March 20, 1970, praying for modification of the decree of divorce entered herein on May 20, 1965, as to forgive the payment of any arrearages of alimony thereunder and to relieve him from the payment of further alimony should be denied.

"IV. Plaintiff's motion for a money judgment for $6,000.00 the amount by which defendant is in arrears in alimony payments due her pursuant to the decree of divorce entered herein should be granted."

Heretofore we have omitted finding of fact No. XII, and conclusion of law No. V. In finding of fact No. XII the court found that plaintiff had contributed $12,000 to defendant's education; that defendant should repay this amount and to do so an additional amount of $2,000 or 20 months at $100

per month would accomplish this. The court at this point was converting agreed alimony payments in the divorce decree to a repayment schedule of educational costs. In conclusion of law No. V the court concluded that an additional 20 months at $100 per month would be required. Payments by the defendant would cease at the end of the 20 months. Thus the court modified the original decree by concluding that defendant was obligated to repay his former wife for the funds she furnished for his education. While this Court does not argue with that conclusion *per se,* it is error to conclude, as the court's order reflects, that cash repayment was all that was due under the existing divorce decree.

The rule to be followed under the circumstances of this case is the rule set forth in Daniels v. Daniels, 147 Mont. 57, 60, 409 P.2d 824, 826, wherein we held:

"Under our law the final judgment granting alimony 'may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.' R.C.M.1947, § 21-137. 'Where a divorce is granted for an offense of the husband, the court may compel him * * * to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having due regard to the circumstances of the parties respectively, and the court may, from time to time, modify its orders in these respects * * *.' Section 21-139. Thus, we see that under our law there is no guarantee of an annuity to a divorced wife. The trial judge in the ambit of his discretion must weigh the relative circumstances of the parties in light of the evidence presented in determining whether conditions demand a variation, alteration, or revocation of alimony and support payments. We wll look critically at that determination only if it is shown to be unsupported by the evidence before the trial court of the changing situations of the parties. The delicate decision is one of balancing the needs of the wife for

support and maintenance against the husband's honest ability to provide.''

Where there is no substantial change in the financial status of a person seeking to have the amount of alimony lowered, there is no justification for modification of the decree awarding alimony. McLeod v. McLeod, 126 Mont. 32, 243 P.2d 321; Burns v. Burns, 145 Mont. 1, 400 P.2d 642 and cases cited therein.

Thus the finding of fact that defendant's income had increased over 60% since the original decree and his own testimony that it would increase another 20% within two years, when coupled with a statement of personal expenditures which are to a great extent purely discretionary, is fatal to a request for modification of alimony.

We have heretofore noted the acceptance of defendant's comments on the plaintiff's brief. Defendant pursues a critical analysis of plaintiff's brief in a forceful manner. He also includes argument. His basic argument seems to be that he was entitled to go his own way, improve his own lot in life, take on all sorts of new obligations; and simply ignore his previous agreement to pay alimony. This agreement he characterized as being made ''under severe emotional strain.'' We shall not set forth the facts as they do not reflect favorably on the defendant's willingness to live up to his solemn agreement.

Having found that the trial court had sufficient credible evidence to support its findings; and having found that the conclusions of law were correct in all aspects except as they pertain to future payments, we return the matter to the district court for entry of judgment without modification of future payments, there being no showing of changes in the financial condition of the parties sufficient under the law to warrant modifying the original decree.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY, and HASWELL, concur.