**Robert D. HEYL, Appellant**
**(Plaintiff below),**

v.

**Setsuko HEYL, Appellee (Defendant below).**

**No. 4252.**

Supreme Court of Wyoming.

Jan. 16, 1974.

Rehearing Denied Feb. 14, 1974.

Lowell H. Fitch, Torrington, for appellant.

A. Gerald Connolly and David F. Berry, Torrington, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and BENTLEY, District Judge.

Mr. Justice GUTHRIE delivered the opinion of the court.

This is an appeal from an order of the district court denying the modification of the original judgment in a divorce suit wherein appellant sought the cessation of all alimony payments thereunder.

The original decree was entered on November 27, 1968, and provided for the payment of the sum of $100 monthly to appellee during her lifetime or until her remarriage. This Petition to Modify Decree was filed on February 26, 1973, and was

heard on May 15, 1973. Relief was denied by the trial court.

Appellant bases his claim to such relief upon the grounds that his ability to pay the alimony has remained the same or has been materially diminished and that the appellee's ability to support herself has materially increased to an extent that such payments are no longer equitable or just.

The record of the hearing reflects that appellant's income has not decreased but has in fact somewhat increased and that appellee's income or earnings have increased since the date of the entry of the decree. Appellant's contention is that this increase amounts to $200 per month, although we do not find the record clear as to the amount of the increase. Appellant concedes that he has the burden of clearly proving there has been substantial change in the circumstances of the party or parties to such decree making such modification just and equitable. He also concedes that the trial court has broad discretion in this area and its judgment will not be disturbed upon appeal in the absence of clearly demonstrated abuse of discretion. He, however, asserts error on the part of the trial court in refusing to receive and properly consider evidence of the changed circumstances of the appellee and claims that the trial court's refusal to receive certain evidence based upon his offers of proof is error which requires reversal. We have examined the offers of proof carefully and under our view no reason appears for a detailed discussion of the offers or the trial court's remarks in connection with the sustaining of objections thereto. One of the proffered offers of proof covered appellant's voluntary contributions for the family support prior to the entry of the judgment and was not admissible under any circumstances in our view. It is interesting to observe, however, that this evidence was received without objection prior to that offer. Some of the offers reflect a desire to probe into and secure a detailed accounting of appellee's monthly expendi-

tures on the question of need. Considerable of this testimony appears in the record without objection and appellee revealed her inability to give detailed information with regard thereto. Appellant apparently overlooks the fact that this matter of appellee's need does not become material and should not be considered unless and until a sufficient factual showing of material change of circumstances or conditions has been made to justify any modification of this decree.

■ Without passing upon these offers of proof in detail, an examination of the record convinces us that had all of the offered proof been received it would not have revealed any abuse of discretion nor resulting prejudice, Lonabaugh v. Lonabaugh, 46 Wyo. 23, 22 P.2d 199, 203; Ruegamer v. Rocky Mountain Cementers, 72 Wyo. 258, 263 P.2d 146, 152.

Appellant insists that the trial court did not consider the financial condition of the appellee and seeks support by quoting the trial court's remarks made at the conclusion of the hearing:

"Well, the Court does not see any particular change in circumstances which would require or justify an elimination of alimony. Actually from the evidence here it is shown that the plaintiff ex-husband assumed obligation of a wife and new child and of the care for his father which is laudable but what he is asking is that the burden of that support be put on his ex-wife by taking money from her. * * *"

■ The argument is made that the failure to mention the wife's financial circumstances and needs in some manner proves that such "were not even considered." There was no request for findings of fact or conclusions of law. The court's offhand remarks in the disposal hereof do not, in our view, indicate in any manner that the trial court did not properly consider the wife's means and circumstances as shown by the record. It would be improper to consider a trial judge's remarks out of context and use them as a basis for re-

versal. However, the remark of the trial judge clearly indicates that he did not find any such change in circumstances which would make just and equitable such modification. If the trial court's action was sustainable on any basis it should be affirmed, Estes v. Board of County Commissioners In and For Natrona County, Wyo., 436 P. 2d 956, 958, and cases cited.

This court has heretofore recognized the importance of the finality of a divorce judgment, Rubeling v. Rubeling, Wyo., 406 P.2d 283, 284. Especially is this true in divorce cases when the emotional involvement of the parties tends to magnify the importance of all matters in connection therewith. Rubeling has suggested the impropriety of modification in the absence of a change of circumstances adverse to the husband, 406 P.2d at 285. It was mentioned in that case that a change of circumstances of the husband may not justify the modification of the decree· even if it might be a defense in an action for contempt for failure to pay.

Appellee suggested in her brief and argument that this court did, by virtue of Rubeling, hold that "in the absence of showing of changed circumstances adverse to the husband" it would be improper in all instances to modify the decree and that appellant herein would be entitled to no relief under any circumstances because his income was slightly increased. This is too broad a view of this holding, although the paramount importance of this circumstance is emphasized thereby. Some cases do hold that absent a showing of substantial change in applicant's financial status there is no basis for modification of a decree, Larsen v. Larsen, 157 Mont. 538, 487 P.2d 509, 511; Gaines v. Gaines, 106 Ill.App.2d 9, 245 N.E.2d 574, 577.

· Although appellant concedes his burden upon this appeal and argues that he has shown an increase in the income of appellee in the amount of $200 per month, we do not think the record is clear. The only proof is that her present income is $300 per month gross—no inquiry is made as to

her net or take-home pay. We cannot blind ourselves to the fact that Social Security and other withholdings may have substantially diminished this, particularly in light of the fact that the income tax reports in the record show appellant claims both the children of this marriage as his dependents. Nor do we find in this record any definite proof of appellee's income at the time of the decree. Nowhere, either by direct question or offer of proof, is there anything resembling an inquiry, "What was your income on November 27, 1968?" The record is confusing. It would be most difficult to make a finding from this record of the net increase of appellee's income.

■ There is a strong presumption that this original decree was reasonable, Laughton v. Laughton, 71 Wyo. 506, 259 P.2d 1093, 1097, 43 A.L.R.2d 351; and it has been said that courts should proceed with caution in modifying any alimony decree, Beddoes v. Beddoes, 155 Colo. 115, 393 P. 2d 1, 3.

There is also another important circumstance, which is that the hearing for modification was had before the same trial judge who heard the original proceeding, Chorney v. Chorney, Wyo., 383 P.2d 859, 860–861.

■ Appellant in his notice of appeal raised the question of the allowance of temporary attorney's fees for appellee in the sum of $150, which is not raised in the brief, nor are authorities cited so it must be considered waived, Alcala v. State, Wyo., 487 P.2d 448, 456, certiorari denied, 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, rehearing denied, 406 U.S. 911, 92 S. Ct. 1613, 31 L.Ed.2d 823. After the filing of the appeal appellee filed an application for allowance of attorney's fees for defending in this matter. This was denied with the permission to renew such motion, which was done. There is no question of the power of this court to allow such fee nor is it questioned by appellant. He merely relies upon what he asserts is the respective financial positions of the parties as justifying the denial thereof. This court may only observe that it was the appellant who cast upon the appellee the burden of protecting her position and that the record certainly reveals no affluence upon her part which should compel her to pay for the defense against this claim for modification. Under the circumstances we will allow the sum of $350 to be applied to appellee's attorney's fee.

Affirmed.