**Fred W. BARNETT, Appellant (Plaintiff),**

v.

**Kathy L. BARNETT, Appellee (Defendant).**

No. 84–134.

Supreme Court of Wyoming.

Aug. 20, 1985.

Patrick M. Hunter, Cheyenne, and M. Scott McColloch, Greybull, for appellant.

John W. Davis of Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN, and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from an order modifying a division of marital property. Appellant contends that the district court acted without subject matter jurisdiction. He asks that we declare the modification null and void.

We affirm with modification.

On August 23, 1979, appellant, Fred Barnett, filed an action for divorce from appellee, Kathy Barnett. On December 28, 1979, the district court entered a decree of divorce and ordered a division of the marital property in accordance with a property settlement agreement entered into by the parties.

On November 5, 1982, appellee filed a motion to amend and/or modify the divorce decree. She alleged that the parties had neglected to make a "disposition of certain debts owed by the parties at the time of their divorce." She argued that a modification which provided for disposition of these debts was "in the best interest of both parties." Thereafter the parties entered into a stipulation and agreement. This stipulation set forth certain basic facts regarding the debts involved. It then provided:

> "This matter is submitted to the Court for decision upon approval by the parties as well as counsel for the parties. The parties are unable to agree on several basic issues. The Plaintiff alleges that the sums received by the parties were a gift from the Defendant's sister. The Defendant alleges that the sums were a loan from her sister and the Defendant's sister alleges that the sums were a loan. The parties are unable to agree as to disposition of the liability if it is found to exist by the Court and who is to assume the percentage, if any, thereof."

By order dated May 25, 1984, the district court found the outstanding debt to be in the amount of $4,800. It ordered the appellant to be responsible for 75% of the debt, or $3,600 while appellee would assume responsibility for the remaining 25% or $1,200.

Before us, appellant contends that the district court never obtained jurisdiction to modify the divorce decree. He argues that appellee's failure to cite proper authority for the modification request prevented jurisdiction from attaching. He relies principally upon *Paul v. Paul*, Wyo., 631 P.2d 1060 (1981). In that case we recognized that a district court has continuing jurisdiction in divorce cases over child custody, child support, and alimony. We also held that continuing jurisdiction did not exist over the division of marital property. Once a court has entered a decree dividing the marital property, the order is final and not subject to revision because of a change in circumstances.

■ Nevertheless, *Paul v. Paul*, supra, does not stand for the proposition that judgments resulting from property settlements have greater finality than any other judgment. We specifically recognized that

Rule 60, W.R.C.P., and § 1–16–401, et seq., W.S.1977, which provide for modification or vacation of a judgment where fraud, mistake or inadvertence was involved, were applicable to judgments upon property settlements. Clearly the district court does have jurisdiction under the Wyoming Rules of Civil Procedure and the Wyoming statutes to modify a judgment resulting from a property settlement. The question is whether the facts in any particular case establish the special circumstances necessary to permit modification of a judgment. *Gifford v. Casper Neon Sign Company, Inc.*, Wyo., 618 P.2d 547 (1980).

 The decision to grant remedial relief under Rule 60, W.R.C.P., and § 1–16–401, et seq., W.S.1977, is committed to the sound discretion of the district court. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979). It is for the district court to decide whether the facts justify modification. *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964). We can reverse only for an abuse of discretion.

 Section 1–16–401, W.S.1977, permits modification where there was "mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order." Rule 60(b), W.R.C.P., permits modification or other just relief where there has been "mistake, inadvertence, surprise, or excusable neglect." In *Estate of Kimball*, Wyo., 583 P.2d 1274 (1978), this court indicated that a district court's equitable power to grant relief from accident or mistake existed without regard to time limitations.

 Here, appellant and his attorney stipulated that the debt in question was omitted from the original decree. They also agreed that the district court should make a disposition of the debt. The stipulation even provides that "it was in the best interest of the parties to dispose of the debt that was omitted from the divorce proceeding." Under such circumstances the district court did not abuse its discre-

tion when it modified the judgment. Where the parties agree mistake or inadvertence occurred, a district court does not err in modifying its judgment.

 Appellee concedes appellant's second issue—that the trial court erred in determining that the amount of the debt was $4,800. The parties stipulated that the amount in controversy would be $4,800 only if appellee could produce a third check, in the amount of $1,800. Otherwise, the amount would be $3,000. Appellee did not produce the third check. Therefore, the order of the district court is modified as to the amount of the debt and the respective sum each of the parties are obligated to pay. It is affirmed in all other respects.

Affirmed and remanded for entry of a modified judgment consistent with this opinion.

ROONEY, Justice, dissenting.

Marital debts may be apportioned between the parties, *as far as they are concerned*, as part of the division of marital property in a divorce. The debt of one of the parties to divorce cannot be transferred to the other party to it in the divorce proceedings *as far as the creditor is concerned*. He can still bring his action on the debt against the original debtor, who in turn may recover from his or her former spouse pursuant to the divorce decree.

In this instance, the debt was not included in the division of marital property. The third-party creditor[1] can bring her action for payment of the debt against appellant. He can present his defenses, including his contention that it was a gift to his former wife. He can bring her into the action as a third-party defendant. The matter would be settled pursuant to the action brought by the third-party creditor.

I do not believe that the divorce court has continuing jurisdiction over division of marital property. *Paul v. Paul*, Wyo., 631 P.2d 1060 (1981). The contingent nature of the interests in property which would re-

---

1. The checks referred to in the majority opinion were cashier's checks payable to appellant.

sult from the contrary position would place too great a restraint on the ability to dispose of, encumber, or otherwise handle the property, and it would create too great an uncertainty as to the property status, not only for the parties to the divorce but for third parties. This is especially true when the property is a debt owed to a third party.

I would reverse, and let the creditor collect her debt in the normal fashion.