Beverly C. HARSHFIELD,
Appellant (Plaintiff),

v.

Gale L. HARSHFIELD, Appellee
(Defendant).

No. 92–100.

Supreme Court of Wyoming.

Nov. 30, 1992.

Stephenson D. Emery of Williams, Porter, Day & Neville, Casper, for appellant.

Richard H. Peek, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

CARDINE, Justice.

Appellant Beverly Harshfield brought this action to modify a divorce decree to provide for division of appellee's military retirement benefits contending that she should be allowed to present evidence upon

the modification question. She appeals the district court's order dismissing her petition to modify the divorce decree.

We affirm.

## ISSUES

Appellant states the issues as follows:

I. After entry of a divorce decree, which is silent as to the issue, are military retirement benefits subject to allocation or division by the district court?

II. Does the omission of allocation of military retirement benefits from a divorce decree constitute grounds within the scope of W.S. 1–16–401 or Rule 60(b), Wyoming Rules of Civil Procedure?

III. Does a petition which asks for allocation of military retirement benefits omitted in a divorce decree constitute a request for revision of alimony within the scope of W.S. 20–2–116?

Because the district court dismissed the petition based on W.R.C.P. 12(b)(6), our sole concern is whether the district court erred when it granted appellee's motion to dismiss. The district court dismissed the petition for lack of subject-matter jurisdiction because of the bar of the time limitations in W.R.C.P. 60(b), and W.S. 1–16–401, *et seq.* (1977), and because of *res judicata* of the divorce decree. Therefore, we are concerned only with the jurisdictional issues.

## FACTS

On August 17, 1977, appellant filed an action for divorce from appellee Gale L. Harshfield. On December 21, 1978, the district court entered a decree of divorce. Neither party appealed. The divorce decree divided the parties' property, established alimony and provided for child support and custody of two minor children. Appellee was ordered to pay alimony at a fixed monthly rate for a period of two years. Alimony payments were timely paid in accordance with the decree.

In appellant's original divorce complaint she alleged that appellee received $536.00 per month in Air Force retirement benefits. In his answer, appellee admitted to receiving the retirement benefits. The district court, however, did not make reference to or divide the retirement benefits in the final divorce decree.

Thirteen years after entry of the divorce decree and eleven years after alimony payments had ceased, appellant filed a petition for modification of the decree. She alleged that she is entitled to one-half of appellee's Air Force retirement benefits. Appellant brought the action to modify under W.R.C.P. 60 and W.S. 1–16–401, or, in the alternative, W.S. 20–2–116. Appellee responded with a motion to dismiss, claiming the district court did not have subject-matter jurisdiction to modify the decree. Appellee argued that the statutory time limits for the W.R.C.P. 60 and W.S. 1–16–401 action had run and that the divorce decree was *res judicata.*

After hearing oral arguments, the district court entered an order granting appellee's motion to dismiss. The district court found that it did not have subject-matter jurisdiction to modify the decree because the time had run under W.R.C.P. 60(b) and W.S. 1–16–401 and because the alimony payments were completed before the petition was filed.

## STANDARD OF REVIEW

When a district court grants a motion to dismiss pursuant to W.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted, our standard of review is as follows:

"[W]e will sustain a dismissal of a complaint only if it shows on its face that the plaintiff was not entitled to relief under any set of facts. *Johnson v. Aetna Casualty & Surety Co. of Hartford,* Wyo., 608 P.2d 1299 (1980). In considering such a motion, the 'facts alleged in the complaint are admitted and the allegations must be viewed in the light most favorable to the plaintiffs.' *Moxley v. Laramie Builders, Inc.,* Wyo., 600 P.2d 733, 734 (1979). Dismissal is a drastic remedy, and is sparingly granted. *Harris v. Grizzle,* Wyo., 599 P.2d 580 (1979)."

*Matter of Paternity of JRW*, 814 P.2d 1256, 1259 (Wyo.1991), *quoting, Mostert v. CBL & Associates*, 741 P.2d 1090, 1092 (Wyo.1987).

## ANALYSIS

### RES JUDICATA

■■■ "A divorce decree is a final judgment and *res judicata* on all issues decided." *Matter of Paternity of JRW*, 814 P.2d at 1265, *citing Warren v. Hart*, 747 P.2d 511, 512 (Wyo.1987); *Mentock v. Mentock*, 638 P.2d 156, 158 (Wyo.1981); *Heyl v. Heyl*, 518 P.2d 28, 30 (Wyo.1974). We apply a four-part test to determine if *res judicata* will bar a subsequent action: First, are the parties identical? Second, is the subject-matter identical? Third, were the issues the same and related to the subject-matter? Fourth, were the capacities of the parties, in reference to both the subject-matter and the issues between them, identical? *Moore v. Moore*, 835 P.2d 1148, 1151 (Wyo.1992); *see also Matter of Paternity of JRW*, 814 P.2d at 1265; *Matter of Estate of Newell*, 765 P.2d 1353, 1355 (Wyo.1988); *Matter of Swasso*, 751 P.2d 887, 890 (Wyo.1988).

The four-part test is satisfied in this case. First, appellant and appellee were the same parties as in the divorce action. Second, property division was decided in the divorce action, and both the appellant and appellee acknowledged the Air Force retirement benefits as marital property in their pleadings. Third, the issues of property division and alimony were related to the subject matter of the action for divorce and resolved in the final divorce decree. Fourth, the interests and capacities of the two parties in reference to both the subject matter and issues between them remain unchanged, the retirement benefit being property disclosed and considered in the final disposition.

Appellant argues against application of *res judicata* because the divorce decree did not allocate the Air Force retirement benefits. However, in *Ebeling v. Ebeling*, 782 P.2d 584, 586 (Wyo.1989), this court stated, "retirement benefits earned during a marriage are property to be considered by the court in determining property disposition, *but the court is not required to divide that particular property.*" (emphasis added) Appellee's Air Force retirement benefits were clearly presented in the original divorce pleadings, and there is no evidence that the district court neglected to consider them. Hence, the retirement benefits were put in issue, and the district court was aware of them when it fashioned the divorce decree.

The paramount policy reason for applying *res judicata* to divorce decrees is magnified by the facts of this case. As was stated in *Heyl v. Heyl*, 518 P.2d at 30:

> This court has heretofore recognized the importance of the finality of a divorce judgment, *Rubeling v. Rubeling*, Wyo., 406 P.2d 283, 284 [1965]. Especially is this true in divorce cases when the emotional involvement of the parties tends to magnify the importance of all matters in connection therewith.

*See also Grosskopf v. Grosskopf*, 677 P.2d 814 (Wyo.1984) and *Broadhead v. Broadhead*, 737 P.2d 731, 737 (Wyo.1987) (the State has a strong interest in providing "clear and timely finalization and severance of the marriage ties" in divorce actions). If the district court were to have jurisdiction to modify a thirteen-year-old divorce decree simply upon a showing that the decree did not divide every piece of marital property, this would severely diminish the assurance of finality. Therefore, on the issue of division of appellee's Air Force retirement benefits, we hold that the 1978 divorce decree is *res judicata* and bars subsequent litigation.

### RULE 60(b) & W.S. 1–16–401, et seq.

■■■ Where *res judicata* bars reopening a divorce decree, a district court retains jurisdiction to modify the decree under particular circumstances. *Barnett v. Barnett*, 704 P.2d 1308, 1309 (Wyo.1985); *see also* Lawrence J. Golden, *Equitable Distribution of Property* § 8.03A (1992 Cum. Supp.). In divorce cases, a district court has continuing jurisdiction over child custody, child support, and alimony based upon a showing of change in circumstances. How-

ever, the district court does not retain jurisdiction to modify marital property divisions based upon change of circumstances. *Barnett*, 704 P.2d at 1309.

■ In very limited situations a property division may be reopened and modified or vacated contrary to the bar of *res judicata*. Subject to specific time limitations, W.R.C.P. 60(b) and W.S. 1–16–401, *et seq.* authorize district courts to modify or vacate a judgment for fraud, mistake, inadvertence or irregularity.

Wyoming Rule of Civil Procedure 60 provides:

> (b) *Other Reasons*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.* [emphasis added]

Wyoming Statute 1–16–401 (1977) provides:

> (a) A district court may vacate or modify its own judgment or order after the term at which it was made:
>
> *  *  *  *  *  *
>
> (iii) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order[.]

However, W.S. 1–16–408 (1977) requires:

> Proceedings for the causes mentioned in W.S. 1–16–401(a)(iii) and (vi) *shall be commenced within three (3) years * * * after the defendant has notice of the judgment.* [emphasis added]

Appellant failed to meet the requisite time limitations set by W.R.C.P. 60(b) and W.S. 1–16–401, *et seq.* (1977). She filed her petition to modify the divorce decree in December of 1991, thirteen years after the divorce decree was entered. Rule 60(b), specifically limits motions based upon mistake, inadvertence or neglect to one year after entry of final judgment. Wyoming Statute 1–16–408 sets a time limit of one to three years after notice of the final judgment, depending upon the reason for reopening. Thirteen years is well beyond the statutory limits set in the statutes.

■ We also have recognized that a district court has inherent equitable powers to modify a final judgment, based on mistake or fraud, without regard to statutory time limits. *Barnett*, 704 P.2d at 1310; *Matter of Estate of Kimball*, 583 P.2d 1274, 1279 (Wyo.1978); *Holmes v. Holmes*, 66 Wyo. 317, 211 P.2d 946, 953 (1949). Appellant argues that our holding in *Barnett* controls our disposition of this issue, but we cannot agree with that conclusion.

In *Barnett*, the petitioner was successful in having a divorce decree modified three years after entry of the divorce because the parties had mutually omitted a marital debt in the property division. 704 P.2d at 1310. We affirmed the district court's order, modifying the decree under its general equitable powers.

*Barnett* is easily distinguished from the facts of this case. First, in *Barnett* the parties stipulated that a mistake had been made in the original property division. Second, the action to modify was made less than three years after the final divorce decree had been entered. Distinguishing this case, it is uncontroverted that the retirement benefits appeared on the face of the pleadings, there was no stipulation of the parties that there had been a mistake, and this action was brought more than three years, *to wit*, thirteen years after the final divorce decree. Because we do not find these facts sufficient to warrant invoking the equitable power to re-open a final decree, we hold that the district court did not err in dismissing for lack of jurisdiction.

### W.S. 20–2–116

Finally, appellant contends that the district court erred by refusing to invoke jurisdiction under W.S. 20–2–116 to modify the 1978 divorce decree's alimony provision so as to include the Air Force retirement benefits. Generally, a district court has continuing jurisdiction to modify a divorce decree's alimony award.

Wyoming Statute 20-2-116 (1977) provides:

> After a decree for alimony or other allowance for a party * * * the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the alimony or allowance or the payment thereof * * *.

See also *Dorr v. Newman*, 785 P.2d 1172, 1178 (Wyo.1990).

Appellant argues that the court's jurisdiction to modify an alimony award continues beyond the duration of the time alimony is to be paid as provided in the original decree. We have not specifically addressed this issue but note that the weight of authority is contrary to appellant's position. These courts hold that the court's jurisdiction to modify alimony payments ends when the alimony award terminates, unless otherwise directed by the initial decree. *Brown v. Brown*, 8 Wash.App. 528, 507 P.2d 157 (1973); *Mercer v. Mercer*, 102 Idaho 816, 641 P.2d 1003 (1982); Russell G. Donaldson, Annotation, *Power to Modify Spousal Support Award for a Limited Term, Issued in Conjunction with Divorce, so as to Extend the Term or make the Award Permanent*, 62 A.L.R.4th 180 §§ 11, 15 (1988).

In *Mercer*, a divorce decree provided alimony payments to one spouse for a limited time period. All the payments were timely paid as required. After the payments had been completed, the payee spouse moved the court for modification of the completed alimony award. The district court denied the wife's motion, and the Idaho Supreme Court affirmed, stating:

> A trial court ordinarily, and absent conditions not alleged here, is without power to modify an alimony award beyond the duration of the time fixed by the original decree for payment of alimony, provided that those payments have been made and there has been no appeal from the final decree which declared the obligation, and fixed its limited duration.

*Id.* 641 P.2d at 1005.

■ We adopt the view that a district court may not modify, under W.S. 20-2-116

(1977), a durational award of alimony after full payment is completed unless the divorce decree specifies otherwise. Were we to hold otherwise, the finality of divorce would be illusory.

## CONCLUSION

We affirm the district court's order of dismissal for lack of subject-matter jurisdiction to modify the divorce decree. We find that the original divorce decree of 1978 is *res judicata* on the issue of the appellee's retirement benefit and that appellant failed to timely file for modification under W.R.C.P. 60(b), W.S. 1-16-401, *et seq.* (1977), and W.S. 20-2-116 (1977).