Hal M. ROSEMAN, Appellant
(Defendant),

v.

Shelley Ann SACKETT, Appellee
(Plaintiff).

No. 98–108.

Supreme Court of Wyoming.

May 10, 1999.

* Retired November 2, 1998.

Carol A. Serelson, Cheyenne, Wyoming, for Appellant.

Julie Nye Tiedeken, Cheyenne, Wyoming, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Appellant, Dr. Hal M. Roseman (Roseman), contests the modification of a 1994 divorce decree from ·appellee, Shelley Ann Sackett (Sackett). Roseman claims the district court lacked jurisdiction to order him to replace the value of savings bonds belonging to his children which, without the knowledge of the parties, were cashed by Roseman's mother just prior to the entry of the divorce decree. Roseman also challenges the district court's refusal to deduct alleged business expenses from Roseman's income when calculating child support. Finding jurisdiction existed to order Roseman to replace the value of the savings bonds, and that the district court exercised sound discretion in the disposition of this case, we affirm.

## I. ISSUES

Roseman presents the following issues:

### I.

Whether the district court erred in modifying the decree of divorce to require appellant to maintain two funds of $12,600.00 each for two of the minor children for their education beyond high school?

### II.

Whether the district court erred when it failed to deduct certain business expenses in determining appellant's income for computation of presumptive child support?

Sackett phrases these issues:

Issue 1

Did the Trial Court err in finding that the Defendant failed to prove that his Employee Business Expense Deduction[s] were reasonable?

Issue 2

Did the Trial Court err when it ordered Roseman to place funds for the minor children in an account to replace the funds which had been cashed by his mother?

## II. FACTS

When the parties divorced in 1994, Roseman, a cardiologist, was unemployed. The district court based presumptive child support on an imputed annual income of $125,000.00. In the division of the couple's substantial financial assets, the district court ordered Roseman to maintain the savings bonds purchased in the names of the two older children to be used for their college education. Between the time the district court issued its decision letter on January 18, 1994, and the entry of the final divorce decree on March 18, 1994, Roseman's mother cashed the savings bonds, using a power of attorney over the two children granted by Roseman. The parties did not appeal the final divorce decree.

In November 1996, Sackett petitioned for a review of child support. Roseman denied that a change was appropriate, and counterclaimed for modification of the divorce decree

to release him from the responsibility of maintaining the savings bonds. He alleged that, without his knowledge, his mother had redeemed the savings bonds on February 14, 1994, and that he should not be held responsible for savings bonds which were not in existence at the time the district court entered its final order.

At the hearing on the parties' motions, Roseman offered his 1996 income tax return, showing a gross income of $244,422.00. The return included a claim for unreimbursed business expenses of $26,924.00, consisting of lease payments for his personal vehicle; costs incurred in attending seminars for continuing medical education; equipment depreciation; and expenses for medical books and subscriptions, computers, telephone service, and professional fees. Neither Roseman, nor the accountant who appeared at the hearing on his behalf, could say how these expenses were calculated. However, the accountant testified that because federal law requires business expenses be necessary and ordinary, the amount claimed on the tax return should be taken at face value without further inquiry into the reasonableness of the expenses.

The district court disagreed, and ruled that Roseman had not met his burden of proving the claimed expenses were reasonable. Therefore, the district court found Roseman's net annual income was $179,429.00 after making proper deductions, and determined the parties' presumptive child support obligations accordingly. Further, the district court concluded that on the date the 1994 divorce decree was entered, the district court and the parties mistakenly believed the savings bonds continued to be in existence, thus giving the district court jurisdiction to modify the divorce decree. Roseman was ordered to replace the value of the savings bonds into a savings account for the two older children. Despite Roseman's testimony that "[t]he money is not an issue," he filed this timely appeal.

## III. STANDARD OF REVIEW

■ A district court's order for child support modification or modification due to mistake is reviewed under an abuse of discretion

standard. *Rocha v. Rocha,* 925 P.2d 231, 233 (Wyo.1996); *Barnett v. Barnett,* 704 P.2d 1308, 1310 (Wyo.1985). An abuse of discretion is

> "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

*Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998) (*quoting Martin v. State,* 720 P.2d 894, 897 (Wyo.1986)).

## IV. DISCUSSION

### A. REPLACEMENT OF THE CHILDREN'S ASSETS

■ Roseman contends that the issue of the division of property and the absence of a legal obligation to pay for the children's college education was determined in the original proceeding, and, therefore, he cannot be required to make an additional contribution-replacing the value of the children's savings bonds-under the principle of *res judicata.* He also argues that the savings bonds, purchased by his parents for the purpose of funding the children's post-high school education, cannot be considered child support, and, therefore, the district court has no continuing jurisdiction based on child support or maintenance. If the district court's jurisdiction is based on a property division, Roseman asserts that the authority to divide property is limited to a division between the parties, and the conveyance of one parent's property to the children outside of child support obligations is precluded.

" 'A divorce decree is a final judgment and *res judicata* on all issues decided.' " *Harshfield v. Harshfield,* 842 P.2d 535, 537 (Wyo. 1992) (*quoting Matter of Paternity of JRW,* 814 P.2d 1256, 1265 (Wyo.1991) and *citing Warren v. Hart,* 747 P.2d 511, 512 (Wyo. 1987); *Mentock v. Mentock,* 638 P.2d 156, 158 (Wyo.1981); and *Heyl v. Heyl,* 518 P.2d 28, 30 (Wyo.1974)). However, "[w]here res judicata bars reopening a divorce decree, a district court retains jurisdiction to modify the decree under particular circumstances." *Harshfield,* 842 P.2d at 537; *see also Barnett,* 704 P.2d at 1309.

In very limited situations a property division may be reopened and modified or vacated contrary to the bar of *res judicata.* Subject to specific time limitations, W.R.C.P. 60(b) and W.S. 1–16–401, *et seq.* authorize district courts to modify or vacate a judgment for fraud, mistake, inadvertence or irregularity.

*Harshfield,* 842 P.2d at 538.

Wyo. Stat. Ann. § 1–16–401 (Michie 1997) provides, in pertinent part:

> (a) A district court may vacate or modify its own judgment or order after the term at which it was made:
>
> * * *
>
> (iii) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order[.]

Wyo. Stat. Ann. § 1–16–408 (Michie 1997) requires "[p]roceedings for the causes mentioned in W.S. 1–16–401(a)(iii) and (vi) shall be commenced within three (3) years * * * after the defendant has notice of the judgment."

"We also have recognized that a district court has inherent equitable powers to modify a final judgment, based on mistake or fraud, without regard to statutory time limits." *Harshfield,* 842 P.2d at 538; *see also Barnett,* 704 P.2d at 1310; *Matter of Kimball's Estate,* 583 P.2d 1274, 1279 (Wyo.1978); and *Holmes v. Holmes,* 66 Wyo. 317, 211 P.2d 946, 953 (1949). In *Barnett,* 704 P.2d at 1310, the petitioner was successful in having a divorce decree modified three years after entry of the divorce because the parties had mutually omitted a marital debt in the property division. We affirmed the district court's order approving the modification of the decree under its general equitable powers.

■ In this case, both parties agree that a mistake was made in the original divorce decree when the district court ordered Roseman to maintain the then non-existent savings bonds. It is also uncontested that Roseman's mother was able to cash the savings bonds only because she received power of attorney over the children's assets from Roseman. Other established facts include

the timing of Roseman's mother's actions-after the district court issued its decision letter ordering Roseman to maintain the savings bonds-and that Roseman petitioned the district court to modify its order regarding the savings bonds within three years from the date of the initial order. *See* Wyo. Stat. Ann. § 1–16–408. Given that Roseman testified the "money [was] not an issue," and it is unquestionable that the maintenance of a fund for the children's education is in their best interests, we find no abuse of discretion in ordering Roseman to place the current value of the savings bonds in an account for the children and to maintain that account for their future welfare.

### B. BUSINESS EXPENSE DEDUCTIONS FROM INCOME

Roseman contends the district court erred when it refused to deduct $23,507.00 for business expenses in the calculations for child support. In determining a parent's income for a presumptive child support obligation, "all reasonable unreimbursed legitimate business expenses shall be deducted." Wyo. Stat. Ann. § 20–6–301(a)(i) (Michie Repl. 1994). Roseman relied almost exclusively on the deductions which appeared in his federal income tax return.

In *Houston v. Smith*, 882 P.2d 240, 244 (Wyo.1994), we discussed the applicability of a federal income tax return in determining net income under the Wyoming child support statutes, holding:

> [T]here are fundamental differences in the Wyoming statutory scheme and the federal income tax scheme, which foreclose any reliance upon the figures derived for taxable income on a federal income tax return in order to compute "net income" for purposes of the Wyoming statute. The concepts simply are different.

We recognized that "[t]he only factor in the Wyoming statutory definitions of 'income' and 'net income' that relates in any way to the federal above the line deductions is the phrase that permits *an individual* to deduct 'all reasonable unreimbursed legitimate business expenses' in arriving at income." *Id.* at 243 (emphasis in original). However, that recognition did not excuse the responsibility of the party claiming the deductions to show they are reasonable.

■ Roseman failed to present any evidence that the amounts he claimed were reasonable business expenses. For example, Roseman claimed $5,502.00 in travel expenses for continuing medical education conferences, including a trip to Africa. There was no testimony regarding how much was spent on each trip, why it was reasonable to travel to Africa, how many hours of continuing education were needed, whether he traveled to obtain minimum hours, or whether he attended conferences primarily because he enjoys traveling to different places. Similarly, there were discrepancies between Roseman's testimony and his tax returns on the use of his vehicle for personal purposes. Neither he nor his expert could identify how the amounts claimed were calculated, and no records other than the tax return were submitted to the district court. The absence of any specific evidence that the amounts listed on Roseman's tax return represented reasonable business expenses clearly supports the district court's determination that Roseman failed to show that these deductions were appropriate. Therefore, we find no abuse of discretion in the district court's refusal to include the deductions when calculating child support payments.

## V. CONCLUSION

The district court did not abuse its discretion in ordering Roseman to replace the value of the children's assets removed by his mother nor did the district court abuse its discretion in denying deductions from Roseman's income which were not shown to be reasonable business expenses. The order of the district court is affirmed.